FILED - USDC -NH
2021 AUG 12 AM11:17

## THE UNITED STATES DISTRICT COURT
## OF NEW HAMPSHIRE
### BRADY v. HOWARD et. al. Case No. 21-cv-00614-PB

### SWORN AFFIDAVIT

I declare under penalty of perjury under the laws of the State of New Hampshire, that I served the N.H. Attorney General, John Formella, through certified U.S. mail, a copy of my complaint to the United States District Court of New Hampshire, all exhibits, copies of 5 summons (Judges Howard, Donovan, Hicks, Bassett, & Marconi), and notices of electronic filing. The individual judges were also served through Strafford County Sheriff's Office (Howard) and Merrimack County Sheriff's Office (Justice Donovan, Hicks, Bassett, & Marconi); individual copies of summons, complaint, all exhibits, and notice of electronic filing. A copy of this complaint was also sent electronically to Somersworth School District Attorney Brian Cullen.

SIGNATURE

SIGNATURE/SEAL
MY COMMISSION EXPIRES May 19, 2026

RACHEL M. DEANE
NOTARY PUBLIC
State of New Hampshire
My Commission Expires
May 19, 2026

Lisa Brady
Printed

8/12/2021

FILED - USDC -NH
2021 AUG 12 AM11:17



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Certified Mail Fee $3.60
0820
41

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $0.00
☐ Return Receipt (electronic) $0.00
☐ Certified Mail Restricted Delivery $0.00
☐ Adult Signature Required $0.00
☐ Adult Signature Restricted Delivery

Postmark
Here
AUG -3 2021
08/03/2021

Postage $9.55
Total Postage and Fees $16.00

Sent To N.H. Attorney General John Formella (Complaint Exhibit
Street and Apt. No., or PO Box No. 33 Capital Street. 5/18/21 Electr
City, State, ZIP+4® Concord NH 03301

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7019 0700 0000 0224 7588

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NHAttorney General John Formella
33 Capital St.
Concord, NH 03301

9590 9402 5960 0062 4953 52

2. Article Number (Transfer from service label)
7019 0700 0000 0224 7588

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X R C18 c-19
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
J Smith                        8-4-2

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:     ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

USPS TRACKING #

9590 9402 5960 0062 4953 52

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Lisa Brady
8 Constable Rd
Durham, NH 03824

UNITED STATES POSTAL SERVICE.

DOVER
133 WASHINGTON ST
DOVER, NH 03820-3707
(800)275-8777

08/03/2021 08:07 AM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Priority Mail® 1-Day | 1 | | $9.55 |
| Concord, NH 03301 | | | |
| Weight: 3 lb 3.00 oz | | | |
| Expected Delivery Date | | | |
| Wed 08/04/2021 | | | |
| Certified Mail® | | | $3.60 |
| Tracking #: | | | |
| 70190700000002247588 | | | |
| Return Receipt | | | $2.85 |
| Tracking #: | | | |
| 9590 9402 5960 0062 4953 52 | | | |
| Total | | | $16.00 |

Grand Total: $16.00

Cash $20.00
Change -$4.00

******************************************
USPS is experiencing unprecedented volume increases and limited employee availability due to the impacts of COVID-19. We appreciate your patience.
******************************************

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also

STRAFFORD COUNTY SHERIFF'S OFFICE
259 COUNTY FARM ROAD, SUITE 105
DOVER, NH  03820


RETURN OF SERVICE


Invoice Number:  21STC-1275-CP

Court:

Docket Number: 21-CV-614-PB



STATE OF NEW HAMPSHIRE
STRAFFORD, SS


On 08/03/2021, I served the within named,

MARK HOWARD

by IN HAND service of the aforenamed, located at 259 COUNTY FARM RD Apt.
#301,  DOVER, NH in said County, an attested copy of the attached Summons &
Complaint at 12:55pm.


_Judy Kosman_
Deputy JUDY L KOSMAN
Deputy Sheriff
Strafford County Sheriff's Office



Fees:
Service $25.00
Mileage $4.50
Postage & Handling 1.00
In Hand Service Required 25.00

Total $55.50

FOR RETURN

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of

)
)
)
)
Lisa M. Brady )
_____ )
Plaintiff(s) )
v. ) Civil Action No.   21-cv-614-PB
)
)
)
)
Judge Mark E Howard )
_____ )
Defendant(s) )

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Strafford Superior Court
259 Country Farm Road # 6
Dover, NH

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   7/22/2021                                    **DANIEL J. LYNCH, Clerk**

**with ECF Notice attached.**

By: **/s/ Erica DiFabio, Deputy Clerk**

Jul 22, 2021

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  21-cv-614-PB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## U.S. DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

### IMPORTANT NOTICE

### ATTORNEYS REQUIRED TO FILE ELECTRONICALLY

Unless specifically exempted, all documents submitted by members of the bar of this district, as well by attorneys admitted pro hac vice, shall be filed in accordance with the district's Administrative Procedures for Electronic Case Filing ("ECF"). For attorneys, that means that while some limited documents will still be filed in paper format, the vast majority of all future pleadings must be submitted electronically using the court's Electronic Case Filing (ECF) system (including cases involving pro se parties). Pro se litigants, however, are not required to file electronically and may continue to file documents in paper format.

The District of New Hampshire is a NextGen CM/ECF court, which means attorneys use their individual PACER accounts to file documents in this district Section 6.1 of the Administrative Procedures for ECF requires that attorneys appearing in an ECF case must request access to the court's ECF system through PACER. However, attorneys who filed in this district prior to November 12, 2019 must instead link their individual PACER account with their legacy ECF account.

For more information on NextGen CM/ECF visit the court's website.

**NOTICE TO PLAINTIFF: You are instructed to serve a copy of this notice on all parties in this case along with the complaint.**

DANIEL J. LYNCH
Clerk

USDCNH-91 (Rev. 12-19)

USNHD Live CM/ECF - U.S. District Court                    https://nhd-ecf.sso.dcn/cgi-bin/Dispatch.pl?972479422145955

## Complaints and Other Initiating Documents

1:21-cv-00614 Brady v. Howard
et al

DLrecused,JLrecused,LMrecused

### U.S. District Court

### District of New Hampshire

### Notice of Electronic Filing

The following transaction was entered on 7/22/2021 at 3:12 PM EDT and filed on 7/22/2021
**Case Name:**       Brady v. Howard et al
**Case Number:**     1:21-cv-00614
**Filer:**           Lisa M. Brady
**Document Number:** 1

**Docket Text:**
**COMPLAINT against James P. Bassett, Patrick E. Donovan, Anna Barbara Hantz Marconi, Gary
E. Hicks, Mark E. Howard (Filing fee $ 402 receipt number 7.22.2021) filed by Lisa M. Brady.
(Attachments: # (1) Exhibit List, # (2) Exhibits 1-14, # (3) Exhibits 15-29) (ed)**

**1:21-cv-00614 Notice has been electronically mailed to:**

**1:21-cv-00614 Notice, to the extent appropriate, must be delivered conventionally to:**

Lisa M. Brady
8 Constable Road
Durham, NH 03824

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382151-0
] [6346ead3a17eb4240b69c01ca990df1619d8885cca4707322f571b9453360130ca6
89d76fce149b670faa0d436982de739846276d0886898173538f45583e42e]]
**Document description:** Exhibit List
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382151-1
] [0a5f32a449580ade30b9b4b76b824ca6e80b43b664d1b1cbd3203c1364a70a37ada
57e99b7a0f57a944f51adf131087d8c3538a3556ea66d7d75c185cb7fe4a6]]
**Document description:** Exhibits 1-14
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382151-2

] [86abbf944b461675b0e324df7e9f998946854f8c6ccb4c03e9b35a42e3b37767195
8c5041f4948eb58e52ea07967673b398cd100e560e26c03c26f1475123e93]]

**Document description:** Exhibits 15-29
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382151-3
] [654b7eaf944bd72734a3ac95294c565608de51eee29834cc3dd9be7e93d1db89a16
199b82bf40ca99beb11f108b45bc91fc9e7567307912786a73e5e79a3bd98]]

USNHD Live CM/ECF - U.S. District Court                    https://nhd-ecf.sso.dcn/cgi-bin/Dispatch.pl?177607553383352

## Service of Process:

1:21-cv-00614-PB Brady v.
Howard et al

DLrecused,JLrecused,LMrecused

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 7/22/2021 at 3:20 PM EDT and filed on 7/22/2021
**Case Name:**         Brady v. Howard et al
**Case Number:**       1:21-cv-00614-PB
**Filer:**
**Document Number:** 2

**Docket Text:**
**Summonses issued by mail as to James P. Bassett, Patrick E. Donovan, Anna Barbara Hantz
Marconi, Gary E. Hicks, Mark E. Howard. Counsel shall serve all documents in
accordance with Fed. R. Civ. P. 4. NOTICE: Counsel shall print and serve the
summonses and all attachments in accordance with Fed. R. Civ. P. 4. (Attachments:
# (1) Notice ECF) (ed)**


**1:21-cv-00614-PB Notice has been electronically mailed to:**


**1:21-cv-00614-PB Notice, to the extent appropriate, must be delivered conventionally to:**

Lisa M. Brady
8 Constable Road
Durham, NH 03824

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382158-0
] [143ea33808e2557b0dc13c48939bcb52ecb17fe35071106bfe82ead708a3a468db7
7c0cbb168cdb3fd9cd470dc450b24021e3574d6860c7073a095229bbdbd40]]
**Document description:**Notice ECF
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382158-1
] [5e04d72a0acf310c46ee926f067bcd178ed673755eac81e9790d2645c9c781193a4
85a785b486b8c316374cd7090692033b0ca73598b88eb1b537fe7b0218fca]]

USNHD Live CM/ECF - U.S. District Court                          https://nhd-ecf.sso.dcn/cgi-bin/Dispatch.pl?118687063875618

## Notices

1:21-cv-00614-PB Brady v.
Howard et al

DLrecused,JLrecused,LMrecused

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 7/22/2021 at 3:13 PM EDT and filed on 7/22/2021
**Case Name:**      Brady v. Howard et al
**Case Number:**    1:21-cv-00614-PB
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**NOTICE. This case has been designated for Electronic Case Filing. All further submissions
shall be filed in compliance with the Administrative Procedures for Electronic Case Filing. Pro
se litigants are not required to file electronically and may continue to file documents in paper
format. Persons filing electronically are strongly encouraged to complete the interactive
training modules available on the courts website. To access these modules, click HERE. (ed)**

**1:21-cv-00614-PB Notice has been electronically mailed to:**

**1:21-cv-00614-PB Notice, to the extent appropriate, must be delivered conventionally to:**

Lisa M. Brady
8 Constable Road
Durham, NH 03824

USNHD·Live CM/ECF - U.S. District Court                    https://nhd-ecf.sso.dcn/cgi-bin/Dispatch.pl?15390354621727

## Utility Events

1:21-cv-00614 Brady v. Howard
et al

DLrecused,JLrecused,LMrecused

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 7/22/2021 at 3:13 PM EDT and filed on 7/22/2021
**Case Name:**        Brady v. Howard et al
**Case Number:**      1:21-cv-00614-PB
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Case assigned to Judge Paul J. Barbadoro. The case designation is: 1:21-cv-614-PB. Please
show this number with the judge designation on all future pleadings. (ed)**

**1:21-cv-00614-PB Notice has been electronically mailed to:**

**1:21-cv-00614-PB Notice, to the extent appropriate, must be delivered conventionally to:**

Lisa M. Brady
8 Constable Road
Durham, NH 03824

# THE UNITED STATES DISTRICT COURT
# OF NEW HAMPSHIRE

July 22, 2021

**Lisa M. Brady, Pro se'**
   *Plaintiff*
     v.
**Judge Mark E. Howard,** Strafford Superior Court
In his individual and professional capacity.
**Senior Associate Justice Gary E. Hicks** In his
individual and professional capacity. N.H. Supreme Court
**Associate Justice James P. Bassett,** In his
individual and professional capacity. N.H. Supreme Court
**Associate Justice Anna Barbara Hantz Marconi,** In
her individual and professional capacity. N.H. Supreme Court
**Associate Justice Patrick E. Donovan,** In his individual
and professional capacity. N.H. Supreme Court
*Defendants*

## VERIFIED COMPLAINT BROUGHT UNDER 42 U.S.C. § 1983 AND § 1985 (3) FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRELIMINARY AND BACKGROUND STATEMENT

1.    Lisa M. Brady brings this action under 42 U.S.C. § 1983 and § 1985(3), for

violations under color of state law and the First and Fourteenth Amendments to the

U.S. Constitution. Judicial immunity does not apply because the claims are purely

for equitable relief. *Bramlett v. Peterson, 307 F. Supp. 1311 (D.C. Fla., 1969).*

     Strafford Superior Court Judge Mark E. Howard denied Plaintiff, Lisa M.

Brady, of a right to civil remedies to redress her unlawful termination from the

Somersworth School District, in violation of her fourteenth amendment right to due

process of law. Judge Howard of Strafford Superior Court resorted to trickery and

fraud on the court to dispose of Lisa Brady's civil case. He failed to use the

amended complaint which; superseded the original complaint when he granted
summary judgment to the Somersworth School District Defendants. Brady filed a
second motion to reconsider and Judge Howard refused to correct his mistake.  He
knowingly allowed a public document, his December 12, 2019 omnibus order [E.15
P. 165-177], to be entered into the record with false and misleading information that
he asserted to be truthful. Judge Howard's false and defaming order unlawfully
exposed Brady *"to public hatred, contempt or ridicule."*  It was an intentional fraud
meant to harm Brady. His sinister actions would "shock the conscience" of a
reasonable person that believes a judge acts with impartiality.

2.  Lisa Brady was a tenured special education teacher and unlawfully terminated from
the Somersworth School District in January of 2015 [E1 P.2-8], after she filed a
complaint with New Hampshire Commissioner of Education , Virginia Barry,
against Somersworth Superintendent, Jeni Mosca and Director of Special Education,
Pam MacDonald. [E3 P 12-17] Brady was retaliated against after she reported the
educational abuse and neglect of her special need's student featured in a fraudulent
public film, "Axel," part of Dan Habib's *"Who Cares about Kelsey Teaching Kit,"*
which; used state and federal grant funds, and continues to sell out of the University
of New Hampshire, Institute on Disability.  The film claimed that  "Axel," had
recovered from a severe cognitive impairment related to his Autism and that the
Somersworth teaching staff could stop working with him on nursery rhymes because
he was "on grade level" and "on a path to college."

3. A.C. transferred to Brady's sixth grade inclusion program while U.N.H. Institute on
   Disability was still in the process of filming. AC did not have basic mastery of the
   alphabet or numbers one through ten.

4. The Somersworth School District gave Dan Habib, a mere film maker and promoter
   of junk science cures--who has no educational or professional license--access to a
   special education student, A.C., in order to make him the next poster child for
   facilitated communication, a dangerous and debunked cure for a cognitive disability.
   The following internal U.N.H. email exchange between Charles Drum, Director of
   the New Hampshire Institute on Disability (IOD), and U.N.H. Communication
   Professor Stephen Calculator shows that University Officials knew or should have
   known that the Axel film was a fraud and taken steps to prevent the continued
   exploitation and sale of the film.

   "**From**: Drum, Charles, **Sent**: Friday, November 20, 2015 3:10 PM. **To**:
   Calculator, Stephen **Subject**: Assessment
   **Hi, Steve**-Thank you for not responding to the Slate piece. I think this will
   give IOD the impetus to clarify our stance on FC and it has been a long time
   coming. Have you watched the Axel film?
   http://www.youtube.com/watch?v=hsES61i8i-Q Since FC is not my area, I'm
   trying to get a sense of whether it's reasonable to come to the conclusion from
   a lay person's perspective that FC is present in the film.  Would an expert
   conclude that there's FC in the film? The Slate article states: "Harvard's
   Howard Shane documented the tricks and deception for me in detail,
   concluding, 'They only made a few mistakes in editing, but the truth does come
   out." I see the occasional hand on wrist, but don't know what I should be
   looking for.  Any chance we can talk about this?  Thanks.
   **From**:     Calculator, Stephen **To**:  Drum, Charles **Subject**:   Re: Assessment
   **Date**:     Sunday, November 22, 2015  12:01:30 PM
   **Hi Charles**, Sure, I would be happy to discuss this with you, preferably after
   the Thanksgiving break. In viewing the video I believe most individuals with
   knowledge of FC would identify its use in this segment.  There are segments
   with peers as well as the SLP that show them providing support to enable him
   to isolate an index finger and point.  There are also buzz FC sentences and
   phrases about assuming competence, planning for college, "independent
   typing", etc.At one point, Axel is quoted saying something like, "I want to

talk...to type." To be honest, the first time I saw the video I questioned the sincerity of the production. There are several shots of Axel typing /pointing where his hand is shown in isolation and we don't know whether or not he is being facilitated because, if so, the support is off-camera. I hope this helps for now, Stephen N. Calculator, Ph.D. Professor  Department of Communication Sciences and Disorders Hewitt Hall, 4 Library Way Durham, NH 03824-3563 (603) 862-3836 stephen.calculator@unh.edu"

5.   Lisa Brady submitted evidence to the Strafford Superior Court and the New

Hampshire Supreme Court under seal, A.C.'s  draft I.E.P., which; showed that A.C.'s

cognition at the time of filming "Axel" was equivalent to a preschool student. It is

proof that the University of New Hampshire Institute on Disability and the

Somersworth School District conspired to commit fraud.   The film continues to sell

to the public and considered an ongoing crime.

6.  The Strafford Superior Court and the New Hampshire Supreme Court have

irrefutable evidence, sealed from public view, which proves, they know that the

"Axel" film is a fraud. They are also obligated and, in a position to do something

about it. Judges are supposed to be the public's protectors of predatory behavior,

especially when it involves disabled children. The state of New Hampshire has a

vested interest in the continued sale of the film and, more importantly, protecting the

University of New Hampshire Institute on Disability from potential negative media

exposure and public shaming that would likely occur after the word got out that a

Public State University, that touts themselves as being experts in the field of

remediating the cognitive disabilities of severely impaired students, knowingly

engaged in the exploitation of a severely impaired autistic student for the purpose of

career advancements and potential for winning a prize at a  film festivals.

7.  It is much easier for the State of New Hampshire to target Lisa Brady, the lone teacher that stood up to protect "Axel's" rights. All Somersworth teaching staff featured in the film lied about his abilities, kept their jobs, and kept their retirement benefits. Brady told the truth and lost a career that she excelled at and loved. She lost all benefits including her retirement. The Defendants in this case retaliated against Brady because this case involved corruption at a state level and the Judges have chosen to protect State interests over the Public's right to know.

8.  In July of 2014, Lisa Brady filed a complaint against Somersworth Superintendent Jeni Mosca and Director of Special Education, Pam MacDonald, with N.H. Commissioner of Education, Virginia Barry, regarding the educational neglect and false portrayal of Axel within the film. [E3 P. 12-17]. Brady was terminated two months after Commissioner Barry issued her investigation findings which; exonerated U.N.H. and Somersworth School District officials. The evidence shows that her investigation was a sham. [*Compare* E3 P.12-17 & E4 P 18-19]. Commissioner Barry did not answer any of the claims that Brady filed, and instead fabricated official findings from a complaint that did not exist. She abused her authority, deceived the public, and gave Somersworth officials an official letter to present to the school board at Brady's termination hearing.

## 7. THE PARTIES

A.  Plaintiff Lisa M. Brady, Pro Se' is a natural person residing at 8 Constable Road, Durham, Strafford County, New Hampshire. 603-292-5052.

B.  Defendant Judge Mark E. Howard, presiding at Strafford Superior Court, 259 County Farm Rd # 6, Dover, NH, , phone (855)-212-1234.

C.  Defendant Senior Associate Justice Gary E. Hicks, New Hampshire Supreme Court, One Charles Doe Drive, Concord, NH 03301, (603) 271-2646.

D. Defendant Associate Justice James P. Bassett, New Hampshire Supreme Court, One Charles Doe Drive, Concord, NH 03301, (603) 271-2646.

E. Defendant Associate Justice Anna Barbara Hantz Marconi New Hampshire Supreme Court, One Charles Doe  Drive, Concord, NH 03301, (603) 271-2646.

F. Defendant Associate Justice Patrick E. Donovan, New Hampshire Supreme Court, One Charles Doe Drive, Concord, NH 03301, (603) 271-2646.

## 9.  JURISDICTION AND VENUE

A. Plaintiff files this federal action  which; falls under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983 and §1985(3).

B. This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331.

C. Defendant Judges are from New Hampshire and all causes of action arose in New Hampshire

D. Declaratory relief is authorized by 28 U.S.C. § 2201 and 2202.

E. Venue in the District of New Hampshire is based on 28 U.S.C. § 1391(b).

### FACTS

9. **On January 2, 2018**, Brady filed her original complaint with Strafford Superior Court. [E5 P.20-44].

10. **On December 13th  2018**, Brady filed an amended complaint. [E6 P.45-64].  The amended pleadings included claims related to Somersworth School District Policy that were never answered by the Somersworth Defendants.  The Somersworth FERPA policy [E.2 P.9-11 ] extended to staff and gave unilateral authority to teachers for release of student information when they were concerned about safety. See similar case in *Appeal of Farmington School District*, No. 2015-0032 (N.H. 2016). Judge Howard knew or should have known that the privacy policy would have allowed Brady to win on termination claims that she violated Axel's privacy.

11.  **On December 28, 2019**, the Somersworth Defendants filed an objection to Plaintiff's motion to amend the complaint which; stated, in part:

> *"She does not merely "cure a defect in the wording of her complaint,"*
> *Motion at 2, she has substantively altered her claims,"*
> *AND*
> *"Such changes greatly expand the claims from a narrow challenge to a*
> *single basis for her termination to a broad attack on every basis for*
> *termination."* [E7 P.65-68].

12. **January 7, 2019** Lisa Brady filed a partial motion for summary judgement and

asked Judge Howard to consider:

> *"Did the Somersworth School Board erroneously apply the plain language*
> *of RSA 141 H:2 at Lisa Brady's termination hearing when they failed to*
> *provide analogous applicability to Brady's employment discipline?"* [E8
> P.69-83].

Judge Howard never answered the question.

13.**On January 25, 2019** the Somersworth Defendants filed a motion to extend the

timeline to file a motion for summary judgment and filed a motion for summary

judgement. The motion addressed allegations within the original complaint, not the

amended version. [E9 P.84-99].

14.**On February 12, 2019** Judge Howard granted Brady's amended complaint and

stated:

> *"In this case, while the proposed amendments alter the plaintiff's*
> *substantive claims, the causes of action are not entirely new and the*
> *evidence is not markedly different from what is already known to the*
> *defendants. Accordingly, the amendments are allowed."* [E10 P.100-104].

15. **The February 12, 2019** decision should have rendered the Defendants' motion for

summary judgment moot.  See Judge Joseph DiClerico, New Hampshire District Court

in Drew v. Hampshire,

> *"The motion to dismiss was terminated as moot because it challenged the*
> *original complaint, not because all of the issues raised in the motion were*
> *resolved or because the claims against Norris implicated sovereign*
> *immunity.* **Pursuant to the order granting the motion to amend, the**
> **amended complaint superseded the original complaint, and "[t]hereafter,**

*the earlier complaint is a dead letter and no longer performs any function in the case." Drew v. Hampshire*, 2015 N.H. 63 (D.N.H. 2015).

Judge Howard used a "*dead letter*" to deceive the Court and took advantage of Brady's pro se' status.

**16. On February 25, 2019**, Judge Howard issued an order that denied Brady's motion for partial summary judgment and "*adopted the defendants reasoning*." He denied her motion to amend damages, motion for discovery sanctions, a timely filed motion for an evidentiary hearing to refute summary judgment, and granted the Somersworth School District's request to extend time for filing a motion for summary judgment even though it was moot. [E11 P.105-106].

**17. On February 26, 2019**, Brady filed a timely motion for an evidentiary hearing. [E12 P.107-109] to refute summary judgment and a motion to compel discovery. [E13 P.110-138]. Judge Howard took over nine months to rule.

**18. On December 4, 2019**, Lisa Brady submitted her Rule 35, trial brief with signed affidavit as required by the court. . [E14 P.140-164]. The comprehensive document outlined all the disputed material facts for trial and was sufficient to justify moving forward to a jury. Judge Howard retaliated against Brady by ruling in favor of the Defendants on summary judgment one week later. He knew or should have known, based on her submitted brief, that Brady had standing for a trial.

**19. On December 12, 2019**, Judge Howard delivered his omnibus order and granted the Somersworth Defendants motion for summary judgment. [E15 P165-177]. Attached exhibits five and six shows irrefutable evidence that Jude Howard used a void complaint.

*"An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).* See Parks v. Federal Exp. Corp., *1 F. App'x 273, 277 (6th Cir. 2001).see FED.R.CIV.P.15. §1476, at 636, See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001)*

**20.** *The New Hampshire Supreme Court created a liberty interest in a person's*

reputation protected by the due process clause of the state constitution. See State v.

Veale 972A.2d 1009 (N.H. 2009). Judge Howard knew or should have known that

his omnibus order included false defaming statements asserted as truth within a

public record that would tend to cause Brady public hatred, contempt, or ridicule.

**21.** Judge Howard defied N.H. rules for summary judgment when he purposefully

switched pleadings to dispose of Brady's case:

See NH Title LI, 491:8-a Motions for Summary Judgment. – *III. "Summary judgment shall be rendered forthwith **if the pleadings**, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."*

Judge Howard acted outside of his jurisdiction when he chose to tamper

with Brady's legal record and use "legally void" pleadings to

constitutionally harm Lisa Brady.

**22.** Within Judge Howard's December 12, 2019 omnibus order, he also used the legally

void original writ to  deny Lisa Brady's motion to compel discovery, motion for an

evidentiary hearing, motion to reconsider, and denied her partial motion for

summary judgment.  His denial of these basic due process rights showed bias and

was a state action delivered under color of law with the intent to deny Lisa Brady

her right to equal access secured under the 14th amendment of the United States

Constitution.

**23. On December 20, 2019**, Brady filed a motion to reconsider summary judgement.

[E16 P.178-184].

**24. On March 10, 2020**, Judge Howard provided Brady with notice of a decision he

had made five days earlier and it stated:

*"Plaintiff Motion for Reconsideration; "Upon review, denied. The court did*
*not overlook or misapprehend any material point of fact or law in its*
*original order."* [E17 P.185-186].

**25. On March 16, 2020** Lisa Brady contacted the Strafford Superior Court about

Judge Howard's error and the clerk told her that if she motioned the judge about his

error, it would stop the clock for filing an appeal. The following e-mail to

Somersworth School District Attorney Brian Cullen is evidence of the conversation:

*"From: Lisa Brady < >*
*Sent: Monday, March 16, 2020 3:46 PM*
*To: Brian Cullen <bcullen@cullencollimore.com>*
*Subject: Brady v. Somersworth*
*Dear Attorney Cullen, I just contacted the Courthouse and was told that I*
*could file a motion for reconsideration because the judge's Order was*
*based off of my original complaint and not my amended complaint. I can't*
*find anything in the rules about this but, the woman that I spoke with said I*
*could file another motion which; would stop the clock and the 30 day*
*appeal to Supreme Court wouldn't start again until the judge ruled. Do you*
*assent to my filing a motion to reconsider based on the fact that the judge*
*used my original and not amended complaint when issued his findings?*
*Thanks for your time, Lisa"*

**26. On March 17, 2020**, Brady filed a timely second motion, seven days after Judge

Howard's order, asking Judge Howard:

*" Plaintiff, Lisa Brady, files this motion to reconsider summary*
*judgement under Superior Court General Principles Rule 1. Scope,*
*Purpose, Enforcement, Waiver and Substantial Rights (e) A plain error that*
*affects substantial rights may be considered and corrected by the court of*
*its own initiative or on the motion of any party."* [E18 P.187-193].

AND, under number one of Brady's motion she stated:

> *"Brady's amended complaint granted by this Court on February 12, 2019 supplanted the original complaint filed on January 2, 2018. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). Because the Court's analysis and findings quoted the original complaint throughout the order, it unduly prejudiced the plaintiff."*

27. **On May 6, 2020,** Judge Howard provided Brady with notice of a decision he made on April 1, 2020 and it stated: ***"Denied as untimely."*** [E19 P.194-195]. Judge Howard had an ethical obligation and unfettered discretion to waive any procedural requirement to correct an error that he made which; resulted in a constitutional violation and miscarriage of justice for Brady.

28. Judge Howard violated Title LXII Criminal Code, Chapter 641:3 *Falsification in Official Matters* with a purpose to deceive the public in the performance of his official function as a judge in the State of New Hampshire. Judge Howard made a written false statement in a public document, his omnibus order, which; he knew or should have known was not true. He knowingly created a false impression within his omnibus order when he granted the Somersworth School District summary judgment. He purposefully used Brady's "original" pleadings rather than the "amended" writ. Judge Howard's omnibus order is a fraud on the Court and should be voided. As a legal public document, it invites reliance from other legal professionals that look to case law in performance of their duties. As a public document it also perpetuated the defamation of character that Brady's amended writ attempted to redress in Strafford Superior Court.

29. Judge Howard knew or should have known that forcing Brady into the Supreme Court arena would cause her case to lag, and that it would be difficult and frustrating for Brady, as a pro se' litigant. The New Hampshire State Constitution says that justice should be obtained *"promptly and without delay."* All judges in this case have

weaponized deliberately dragging this case out and issuing orders devoid of meaningful information or addressing the salience of motions and complaints. The only lengthy order was delivered by Judge Howard (his omnibus order) and it was a fraud on the court. The Supreme Court justices have not provided Brady with any meaningful orders that would allow her to understand why she was being denied her claims. They have not addressed the merits of any claim filed by Brady.

**30.** *"The acts of Judges are "action[s] of the State within the meaning of the fourteenth amendment. If a judge acted in a "clear absence of all jurisdiction" he is he amenable to suit. Stump v. Sparkman, 435 U.S. 349 (1978) Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979)."*

**31.** Judge Howard's use of a document that no longer had any legal affect ("original complaint") when he granted summary judgment to the Somersworth School District Defendants was not an act of judicial discretion. It was a deceitful act meant to harm Lisa Brady. The New Hampshire Supreme Court Justices, by failing to act on their supervisory role over a lower court judge, have tacitly approved and perpetuated Judge Howard's unlawful and intentional use of legally void pleadings to deny Brady her constitutional right to equal access under the 14th amendment of the U.S. Constitution.

**33. On May 31, 2020**, within thirty days of Judge Howard's order, Lisa Brady filed a mandatory appeal with the N.H. Supreme Court. [E20 P.196-222]. Three of the eight questions that she asked the court to review include:

I.      Did the Court commit a reversible error when it used the original,
        "moot," complaint filed with the Court and not the "operative,"
        amended version, as justification for summary judgement? (The
        original complaint was filed on 1-2-2018, amended one filed on 12-13-
        2018, Defendant MSJ filed 1-25-2019, Court granted amended
        complaint on 2-12-2019).

II.     Whether an error made by the Court should result in a miscarriage of
        justice for Brady. Once a pro se litigant has done everything possible to
        bring his action, he should not be penalized by strict rules which might
        otherwise apply if he were represented by counsel." See Rappleyea v.
        Campbell, 884 P.2d 126, 132 (California 1994)

III.    Whether the Court should have waived the rules for "timeliness,"
        under Superior Court Rule 1, and corrected the summary judgment
        order after Brady filed a second motion for reconsideration and called
        the Court's attention to the error. In New Hampshire Judges are
        supposed to "make reasonable efforts, consistent with the law and
        court rules, to facilitate the ability of all litigants, including self-
        represented litigants, to be fairly heard" (N.H. Jud. Code 2.2(B)).

34. **On July 21, 2020**, the New Hampshire Supreme Court abused their discretion when

they denied Lisa Brady's mandatory appeal and stated:

> *"The superior court denied Lisa Brady's motion to reconsider the court's
> December 12, 2019 order on March 10, 2020. The motion to reconsider
> that she filed on March 17, 2020, **was a successive-post decision motion
> that did not stay the running of the appeal period**. Consequently, the
> appeal should have been filed on or before April 9, 2020. The notice of
> appeal was filed on June 1, 2020, and thus is untimely filed."* [E21 P.223-
> 224].

35. The N.H. Supreme Court had something different to say in *Prime Financial Group*,

141 N.H. at 34, 676 A.2d at 530:

> *"We hold that Ellis does not apply to a motion for a new trial and a
> successive motion for reconsideration. When a court denies a party's
> motion for a new trial, **the party should be allowed to point out the errors
> of the lower court's order, and the lower court should be given the
> opportunity to correct those errors**. Cf. Dziama v. City of Portsmouth, 140
> N.H. 542, 545, 669 A.2d 217, 218-19 (1995) (recognizing that in context of
> RSA 677:3 (1986 Supp. 1988)."*

*36.* The New Hampshire Supreme Court knew or should have known that the findings

within their July twenty first order ran contrary to prior orders delivered by the court

under similar circumstances <u>by litigants represented by attorneys</u>, showing unequal

treatment to a pro se' litigant.  The order was in *bad faith* and delivered for the purpose

of denying Brady the right to equal access to justice.

37. <u>**On July 22, 2020**</u>, Brady filed a motion for reconsideration of the

Supreme Court's denial of  Lisa Brady's mandatory appeal and stated: [E22 P.225-232].

> *"Strafford Superior Court Judge, Mark Howard, committed a "plain error"*
> *and that error impacted Brady's rights to due process under Part I, article*
> *14 of the  N.H. State Constitution, when he erroneously granted the*
> *Defendants' motion for summary judgment and then refused to correct  the*
> *errors, under superior court rule 1, within a second motion filed by the*
> *Plaintiff.  The Judge unduly prejudiced Brady when he granted the*
> *Defendants summary judgment based solely on the original "nullified"*
> *complaint filed with the Court on January 2, 2018 and not the "actual"*
> *amended complaint filed on December 18, 2018 and granted by the Court*
> *on February 12, 2019."*

She also stated:

> *"The judge had the authority to waive any rule, including any for*
> *timeliness, to  correct an error that he made which; unduly prejudiced*
> *Brady.  When he chose not to waive the timeline and correct his error, he*
> *knowingly allowed a, "fraudulent public record," (his order from*
> *December 13, 2019) to be forever memorialized. He showed bias and a*
> *dereliction of judicial duties for "fairness" and "impartiality."   Given*
> *Judge Howard's unwillingness to correct his error, it seriously calls into*
> *question whether he knowingly and willfully ruled on summary judgment*
> *using the "wrong" complaint because he knew that Brady was not*
> *represented by Council and less likely to pick up on his trickery. Brady*
> *argues that the Court took advantage of her Pro Se' status and resorted to*
> *trickery in summarily dismissing her case because she had filed a Prima*
> *Facie amended writ. A complaint that was never answered by the*
> *Defendants."*

38. <u>**On August 18, 2020**</u>, the NH Supreme Court denied Brady's motion for reconsideration

an issued the following order: [E23 P.233-234].

*"We have reviewed the claims made in Lisa Brady's motion for reconsideration and conclude that no points of law or fact were overlooked or misapprehended in the decision dismissing this appeal as untimely filed. Accordingly, upon reconsideration, we affirm the July 21, 2020 decision and deny the relief requested in the motion."*

**39.** The New Hampshire Supreme Court order failed to address the New Hampshire State Constitution violations alleged by Brady and other salient claims that challenged Judge Howard's legal, ethical, and judicial competence. The Supreme Court knew or should have known that Judge Howard's omnibus order was a "void judgment" because it relied on a "dead letter" (the original writ). They knew or should have known that Judge Howard's omnibus order was a fraud on the court; that the judge knowingly replaced Brady's legal pleadings with a void court document in order to deceive Brady and the public. The Supreme Court's inaction and failure to supervise or sanction Judge Howard's action shows a concerted effort to deny Lisa Brady her right to access the courts in the state of New Hampshire. The New Hampshire Supreme Court aided and abetted Judge Howard's unlawful actions, with willful blindness under color of state law and, in violation of Brady's fourteenth amendment right to equal access under the U.S. Constitution.

**40.** The Supreme Court denied Lisa Brady a second motion for original jurisdiction, to correct errors, on May 17, 2021. [E28 P.269-270].

**41.** To date, neither Judge Howard nor the N.H. Supreme Court, in its denial of Brady's petition for mandatory appeal, have addressed the omnibus order that Judge Howard delivered to the Court on December 12, 2019 regarding his use of void pleadings. On May 18, 2021, [E29 P.271-279]. Lisa Brady filed a motion to reconsider the Supreme Court denial of a mandamus against Judge Mark Howard and she has not heard back

from the Defendants about the status of her motion for reconsideration. Case law has

long been settled on the use of amended pleadings:

> *"The filing of an amended complaint generally moots a pending motion to
> dismiss. Yates v. Applied Performance Techs., Inc., 205 F.R.D. 497, 499
> (S.D. Ohio2002). See also Hartman, 2007 WL 915193, at \*6 (holding that
> defendants' motions to dismiss the original complaint and the first amended
> complaint were moot given the subsequent filing of a second amended
> complaint); Pethtel v. Washington County Sheriff's Office, No. 2:06-799,
> 2007 WL 2359765, at \*5 (S.D. Ohio Aug. 16, 2007) ("because an amended
> complaint supersedes the original complaint, the filing of an amended
> complaint normally moots a motion to dismiss the original complaint");
> Hibbets v. Lexington Ins. Co., No. 07-5169, 2008 WL 373608, at \*1 (E.D.
> La. Feb. 7, 2008).*

42. Under *Saucier*, qualified immunity applies unless the official's conduct violated: *1. A
    constitutional right has been violated, and then 2. Whether that right was clearly
    established at the time of the alleged conduct.* See <u>Saucier v. Katz, 533 U.S. 194
    (2001)</u>.

43. Since being denied her mandatory appeal, Lisa Brady filed two petitions for original
    jurisdiction and requested issuance of a writ of Mandamus so that this case would be
    remanded back to Strafford Superior Court for processing.

44. *A void judgment does not create any binding obligation.* Federal decisions addressing
    void state court judgments include *Kalb v. Feuerstein* (1940) 308 US 433, 60 S Ct 343,
    84 L ed 370. Judge Howard's omnibus order is a void judgment.

45. Irreparable Harm: Lisa Brady will suffer harm that cannot be completely remedied by
    money damages. The loss of a right to reclaim her professional reputation, caused by
    defamation of character, the false information reported as the truth in public records that
    result in public humiliation and character assassination  Additionally, she suffers
    extreme mental stress: the loss of joy and happiness directly related to a denial of justice

for the unlawful violations committed against her based on her whistleblowing. The loss

of her teaching career, the lost opportunities for career advancement, benefits, and

promotions, increased salary, and improved lifestyle, the increased financial burden she

now places on her spouse, the loss of opportunity based on financial devastation in

retirement, lost rights and liberty of legal recourse and justice guaranteed by the laws of

the N.H. and U.S. Constitution that are supposed to be available to every person.

## LEGAL CLAIMS

### COUNT I- 42 U.S.C. ' 1983 VIOLATIONS OF RIGHTS SECURED BY PROCEDURAL DUE PROCESS AND THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT (Defendant Mark E. Howard)

**46.** Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 44 of this Complaint, as if set forth fully herein.

**47.** Defendant Judge Mark E. Howard was clothed with the authority of the State of New Hampshire. All actions taken by Defendant Judge, Mark Howard, were done while acting under color of state law and deprived Plaintiff of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**48.** Defendant Judge Howard used a legally void court document, Lisa Brady's original pleadings, to unlawfully grant the Somersworth School District summary judgment. (Strafford Superior Court No. 219-2018-cv-00002). Judge Howard knew or should have known that his use of void pleadings to grant summary judgment to the Somersworth School District Defendants violated New Hampshire statute under Title LI, 491:8-a Motions for Summary Judgment and that it conflicted with long established case law.

**49.** Judge Howard showed that his actions were deliberately indifferent to Lisa Brady's Constitutional right to equal access, when he refused to correct his error in using the original rather than the amended complaint which; Lisa Brady brought to his attention within a motion to the court on March 17, 2020. Judge Howard intentionally refused to correct an error that he committed when he used a legally invalid court document ("original defunct writ") and granted the defendants summary judgment. His actions ran contrary to established law and denied Brady the right to civilly redress her unlawful termination.

**50.** Judge Howard used void pleadings to deny Lisa Brady her constitutional right to due process and a <u>name-clearing hearing</u> for the <u>defamation of character</u> claims, Brady was deprived of her constitutional right and a meaningful opportunity to contest false

termination allegations that were purportedly the basis for the Somersworth School District's unlawful termination.

51. In denying Lisa Brady her constitutional right to due process and timely filed evidentiary hearing to contest Summary Judgment, Judge Howard deprived her of a meaningful opportunity to contest the false allegations that were purportedly the basis for the Somersworth School District's unlawful termination.

52. In denying Lisa Brady of her constitutional right to due process and exchanges of discovery requests, Judge Howard deprived her of a meaningful opportunity to contest the Somersworth School District's unlawful termination.

53. In denying Lisa Brady of her constitutional right to due process and an unbiased judicial review in compliance with the law, Judge Howard failed to grant Brady's meritorious partial motion for summary judgment which; was based on the Somersworth School District's erroneous application of the plain language of N.H. RSA 141 H:2 at her termination hearing where they failed to provide analogous applicability to Brady's employment discipline

54. In depriving Brady of these basic due process rights, Judge Howard allowed the Somersworth School Defendants to shirk any accountability to support that their actions with Brady's termination were lawful.

55. Judge Howard's unlawful omnibus ruling resulted in a continued pattern of retaliation that began after Brady blew the whistle on Somersworth School District's unlawful exploitation of her student  "Axel," featured in a fraudulent public film that continues to sell out of the New Hampshire Institute on Disability.

56. In depriving Brady of  basic due process rights and utilizing a legally void court document to rule in favor of the Somersworth Defendants on summary judgement, Judge Howard  deprived Brady from an opportunity to redress defamatory employment termination claims delivered by the Somersworth School District and widely disseminated to the public. See : http://www.sau56.org/wp-content/uploads/2015/03/Somersworth-School-Board-Hearing-February-16-2015.pdf (downloaded online 7/18/2021).

57. In depriving Brady of  basic due process rights and utilizing a legally void court document to rule in favor of the Somersworth Defendants on summary judgment, Judge Howard  deprived Brady of a public name clearing hearing with presentation of Somersworth School District FERPA Policy for staff, which proved that Brady did not violate her former student's privacy as alleged. Brady was denied a meaningful opportunity to contest false termination allegations that were purportedly the basis for the Somersworth School District's unlawful termination.

**58.** Defendant Judge Howard acted intentionally, knowingly, willfully, wantonly, and in reckless disregard for Lisa Brady's equal protection rights under the Fourteenth Amendment constitutional rights, and without regard to the significant emotional, financial, and reputational damage such actions would cause. Lisa Brady has suffered and continues to suffer actual and irreparable harm.

**59.** Defendant Judge Howard's actions were committed with reckless indifference, under color of state law, to Plaintiffs' federally protected rights and law establishing the illegality of his actions was clearly established at the time such actions were taken.

### COUNT II - FREEDOM OF SPEECH: First Amendment; 42 U.S.C. § 1983 (All Defendants)

**60.** Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 58 of this Complaint, as if set forth fully herein.

**61.** Defendant Judge Howard and Supreme Court Justices Hicks, Bassett, Hantz Marconi, and Donovan, were clothed with the authority of the State of New Hampshire. All actions taken by Defendant Judges, were done while acting under color of state law and deprived Plaintiff of her right to freedom of speech in violation of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

**62.** By punishing Plaintiff's speech, she was deprived of the right to civilly redress the defamation of character and retaliation that she suffered when she was terminated from her job, after she reported the educational neglect of her student and his exploitation in a fraudulent public film, "Axel." The Defendants' actions show a dereliction of a duty to remain impartial to New Hampshire's state interest in continuing to sell the fraudulent film out of U.N.H. Institute on Disability.

**63.** The Defendants bias towards protecting State interest in the sale of a film over the Public's right to know that the film is a fraud, was the moving force behind the violation of Plaintiffs' right to freedom of speech, in violation of the First Amendment.

**64.** The Defendants substantial interference with the Plaintiff's right to equal protections of due process rights, afforded under part one of the 14th amendment, as described in the preceding paragraphs, resulted in a violation of Lisa Brady's rights to freedom of speech that pleading her case in a court of law, open to the public, would afford. Her speech would have also allowed vindication for the publicly defaming assaults on her character that occurred during her termination which; was open to the public.

**65.** The Defendants' actions have injured Plaintiff by chilling her speech through dismissal of claims with orders that do not comport with the law and denying Brady an opportunity to have her case heard by a jury of her peers, open to the public.

66. As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiff has suffered, and will suffer, irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief.

**COUNT III: RETALIATION IN VIOLATION OF § 1983, 42 U.S.C., FOURTEENTH AMENDMENT EQUAL PROTECTION AND FIRST AMENDMENT FREEDOM OF SPEECH (All DEFENDANTS)**

67. Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 65 of this Complaint, as if set forth fully herein.

68. Defendants Strafford Superior Court Judge, Mark E. Howard, and the New Hampshire Supreme Court Justices: Gary E. Hicks, James P. Bassett, Anna Barbara Hantz Marconi, and Patrick E. Donovan were clothed with the authority of the State of New Hampshire. All actions taken by Defendants were done while acting under color of state law and deprived Plaintiff of rights secured by the U.S. Constitution and laws of the United States, specifically the Fourteenth Equal Protection clause and the First Amendment, Freedom of Speech. 42 U.S.C. § 1983,protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws"

69. Judge, Mark E. Howard, and Justices: Hicks, Bassett, Hantz Marconi, and Donovan retaliated against Brady when they denied her a hearing in order to protect the state of New Hampshire's  interest in the continued sale of a public film, "Axel," part of Dan Habib's "Who Cares about Kelsey" Teaching kit, currently selling out of the U.N.H. Institute on Disability. The Defendants retaliated against Brady because the State of New Hampshire has a vested interest in preventing the public from finding out that that U.N.H. Institute on Disability exploited a severely impaired autistic child in a public film. The Defendants actions prove they were partial to the state of New Hampshire and not in compliance with the law.

70. The New Hampshire Supreme Court Justices: Gary E. Hicks, James P. Bassett, Anna Barbara Hantz Marconi, and Patrick E. Donovan are liable under 42 U.S.C. § 1983 because they are a court with final supervisory authority, and they violated Plaintiffs' constitutional rights by denying her a mandatory appeal. Their acts and omissions were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Judge Mark E. Howard.

71. As a direct and proximate result of Defendants' retaliation which interfered with Brady's Fourteenth Amendment right to equally access justice, Plaintiff has suffered, and will suffer, irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief. The Defendants' actions were deliberately indifferent to the law, their judicial canons, and Brady's right to civilly redress her unlawful termination and right to be compensated for the harm caused by the Somersworth School District

## COUNT IV- 42 U.S.C. § VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT. (ALL DEFENDANTS)

**72.** Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 70 of this Complaint, as if set forth fully herein.

**73.** Defendant Judge Howard and Supreme Court Justices Hicks, Bassett, Hantz Marconi, and Donovan, were clothed with the authority of the State of New Hampshire. All actions taken by Defendant Judges, were done while acting under color of state law and deprived Plaintiff of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of section one of the Fourteenth Amendment to the United States Constitution.

**74.** Plaintiff is a member of a protected class of litigants that proceed pro se'

**75.** Plaintiff was similarly situated in all relevant aspects to other New Hampshire litigants that seek civil legal redress for an unlawful termination.

**76.** The Defendants have intentionally developed and implemented a custom, practice, and/or policy in which it arbitrarily denies pro se' litigants equal protection of the law because they are less familiar with legal procedure, more apt to fall prey to false judicial findings of fact and more likely to discontinue pursuance of their legal claims based on a reliance on false legal assertions and judicial trickery as previously detailed in the above paragraphs.

**77.** The New Hampshire Supreme Court Justice's official and unofficial policies and customs encouraged, caused, allowed, and/or enabled Defendant Judge Mark E. Howard to violate Plaintiffs' state and federal constitutional rights without fear of discipline for those violations. See Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978).

**78.** The Defendants know or should have known about the existence of this custom, practice, and/or policy which; is only enforced against litigants that are not represented by attorneys and more vulnerable to judicial bullying, and more likely to give up claims without questioning the motives of a judge. When Judge Howard granted Brady's amended pleadings on February 12, 2019, he knew or should have known that the Somersworth motion for summary judgment was moot. Brady did not figure out his legal trick until March 17, 2020. If Brady were represented by an attorney, Judge Howard likely would not have attempted that kind of trickery. After Brady figured it out and motioned him at a point in time when he had unfettered discretion to change his ruling on summary judgment, he refused and closed his door to justice. The New Hampshire Supreme Court cited erroneous facts to deny Brady justice and wrote barely a paragraph to explain their findings. They shirked a duty to supervise and remedy Judge Howard's unlawful actions. They are vicariously responsible for his acts.

**79.** The Defendants, through this custom, practice, and/or policy and its selective application, has deprived Plaintiff Lisa Brady of her right to equal protection of the law in violation of the Fourteenth Amendment of the United State Constitution.

**80.** The Defendants acted with deliberate indifference and/or willful blindness to the strong likelihood that unconstitutional conduct would result from the implementation of this custom, practice, and/or policy.

**81.** The Defendants knew or should have known that this custom, practice and /or policy would result in unconstitutional practice.

**82.** Judge Howard and the New Hampshire Supreme Court Justices were deliberately ignorant, callous, reckless, wanton, and malicious, under color of state law and in violation of Brady's constitutional right to equal access under the 14th amendment.

**83.** Lisa Brady suffered and continues to suffer actual and irreparable harm, including the loss of a right to reclaim her professional reputation caused by defamation of character, public humiliation, and permanent economic and emotional hardship.

## COUNT V- VIOLATION OF 42 U.S.C. § 1985(3) – CONSPIRACY TO DEPRIVE PLAINTIFF OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION. (Against All Defendants)

**84.** Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 82 of this Complaint, as if set forth fully herein.

**85.** As described more fully above, each of the Defendants conspired directly or indirectly for the purpose of denying Lisa Brady equal protection of the law.

**86.** Defendant New Hampshire Supreme Court Justices Hicks, Bassettt, Hantz Marconi, and Donovan engaged in acts in furtherance of a conspiracy by denying Lisa Brady's meritorious mandatory appeal based on legal findings that conflict with the law and prior legal precedent. As a Court of superintendent authority over Strafford Superior Court, the Justices of the Supreme Court are vicariously liable for the unlawful acts of Judge Mark E. Howard. They knew or should have known that Judge Howard was acting under color of state law in violation of Lisa Brady's 14th U.S. Constitutional right to equal protection of due process and granted Brady's mandatory appeal. They knew or should have known that Brady was entitled to an appeal. They knew or should have known that Judge Howard committed a reversible error and that he had discretion and a legal obligation to correct the record.

**87.** The N.H. Supreme Court Justices have not disciplined or used its' superintendence authority (N.H. Chapter 490:4) over Defendant Judge, Mark E. Howard, for his negligent and willful and wanton violations of Plaintiff's constitutional rights under color of state law. Therefore, they have implicitly approved, ratified, or adopted Judge Howard's negligent unconstitutional actions,

88. The acts and omissions of the New Hampshire Supreme Court Defendants; Hicks, Bassett, Hantz Marconi, and Donovan, were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Judge Mark E. Howard.

89. The Defendants engaged in a concerted effort to deny Brady the opportunity to legally redress her unlawful termination from the Somersworth School District.

90. There was an obvious need for New Hampshire Supreme Court Justices to intervene, as a supervising court of final jurisdiction, to ensure that Brady's Constitutional right to due process were not violated. The New Hampshire Supreme Court, therefore, has demonstrated a policy of deliberate indifference to such civil rights violations. See City of Canton v. Harris, 489 U.S. 378, 389 (1989). Defendant's actions have been committed with reckless indifference to Plaintiffs' federally protected rights.

91. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

92. As an actual and proximate result of those actions, Plaintiff was injured and has suffered irreparable damages and denied liberty rights to equal access to New Hampshire Courts to redress her unlawful termination from the Somersworth School District.

**COUNT VI-- 42 U.S.C. § 1983 FAILURE TO INTERVENE** (Defendants New Hampshire Supreme Court Justices: Gary E. Hicks, James P. Bassett, Anna Barbara Hantz Marconi, and Patrick E. Donovan)

93. Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 91 of this Complaint, as if set forth fully herein.

94. New Hampshire Supreme Court Justice Defendants were clothed with the authority of the State of New Hampshire. All actions taken by Defendant Supreme Court Justices, were done while acting under color of state law and deprived Plaintiff of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of section one of the Fourteenth Amendment to the United States Constitution.

95. In the manner described above, during the constitutional violations described above, one or more of the Defendant Justices stood by without intervening to prevent the misconduct.

96. As a result of the Defendant Justices failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff has continued to suffer irreparable harm as described above, and emotional distress. These Defendants had a reasonable opportunity to prevent this harm but failed to do so.

**97.** The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**98.** The misconduct described in this Count was undertaken pursuant to the New Hampshire Supreme Courts official or unofficial practice

## REQUESTFOR RELIEF  42 U.S.C. § 1983

> *"Judicial immunity does not preclude suits under section 1983 for declaratory or injunctive relief. See Jacobson v. Schaefer, 441 F.2d 127, 30 (7th Cir. 1971)."*

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and

against the Defendants, and grant the following:

A.  Issue an injunction requiring the Defendants to remand Lisa Brady's civil case back to Strafford Superior Court so that she can seek justice for her unlawful termination.

B.  Order the Defendants to pay all Lisa Brady's court fees, incurred after Judge Howard issued his December 12, 2021 omnibus order.

C.  Declare that the omnibus order delivered by, Judge Mark E. Howard, on December 12, 2019  was an abuse of discretion that was not in compliance with the law or his judicial canons and denied Lisa Brady right to equal protections under the First and Fourteenth Amendment to the  U.S. Constitution.

D.  Declare that the July 21, 2020 order delivered by the New Hampshire Supreme Court was an abuse of discretion that was not in compliance with the law or judicial canons and denied  Lisa Brady the right to a mandatory appeal and the right to equal protections under the First and Fourteenth Amendment to the  U.S. Constitution.

E.  Declare that the Defendants have intentionally developed and implemented a custom, practice, and/or policy in which it arbitrarily denies pro se' litigants equal protection of the law because they are less familiar with legal procedure, more apt to believe false legal precedent delivered by a judge, and more likely to give up on claims based of judicial trickery.

F.  Declare that the Defendants conspired to deny Lisa Brady her First and Fourteenth Amendment rights, in violation of the equal protection clause which; was promulgated through an explicit violation of the law when granting summary judgment and more insidiously by means of denying access based on false legal precedent. The Defendants actions were not in compliance with the law and primarily executed for the purpose of protecting  the State of New Hampshire's vested interest in the continued sale of a film that exploited a disabled student.

G. Grant all other and additional relief to which Plaintiff may be entitled or as this Court
deems just and proper in the circumstances.

Respectfully submitted, (Sworn Affidavit Attached)

_Lisa Brady_ , July 22, 2021

/s/ Lisa Brady, Pro se'
8 Constable Road
Durham, NH 03824
lisa.brady@comcast.net
603-292-5052

**CERTIFICATION OF SERVICE:**

- I certify that a copy of this complaint will be hand delivered and/or mailed or
electronically filed through the Court e filing service to Solicitor General Daniel Will
and/or Judge Howard of Strafford Superior Court at 259 County Farm Rd # 6,
Dover, NH, , phone (855)-212-1234.

- I certify that a copy of this complaint will be hand delivered and/or mailed as early
as today but, within the next week, or electronically filed through the Court e filing
service to the following Supreme Court Justices and/or Solicitor General Daniel Will
(if he is Council) at One Charles Doe Drive, Concord, NH 03301, (603) 271-2646,
Justice James P. Bassett, Justice Gary E. Hicks, Justice Anna Barbara Hantz
Marconi, Justice Patrick E. Donovan,

- I certify that a copy of this complaint will mailed electronically to Attorney Brian
Cullen, on behalf of the Somersworth School District.

_Lisa Brady_ , July 22, 2021

/s/ Lisa Brady, Pro Se'
8 Constable Road
Durham, NH 03824
lisa.brady@comcast.net
603-292-5052

# THE UNITED STATES DISTRICT COURT
## OF NEW HAMPSHIRE

### SWORN AFFIDAVIT

I declare under penalty of perjury under the laws of the State of New Hampshire, that I have read my complaint to the United States District Court of New Hampshire and I know it is true of my own knowledge, except as to those things stated upon information and belief, and as to those I believe it to be true. Executed on July 21. 2021.

SIGNATURE

SIGNATURE/SEAL
MY COMMISSION EXPIRES _3/25/2025_

RETURN OF SERVICE

MERRIMACK, SS.                                     08/05/2021

    I, DEPUTY JENNIFER L BOUCHER, make oath that on 08/03/2021 at 12:31pm,
I served the within named GARY E HICKS, Senior Associate Justice, by
leaving at THE OFFICE of the New Hampshire Supreme Court, located at 1
CHARLES DOE DR, CONCORD, NH, a copy of the Summons and Complaint, attested
by the Clerk of the US District Court.

FEES

| Service | $30.00 |
| Postage | 1.00 |
| Travel | 15.00 |

TOTAL      $46.00

                              DEPUTY JENNIFER L BOUCHER
                         Merrimack County Sheriff's Office

RETURN OF SERVICE

MERRIMACK, SS.                                                08/05/2021

    I, DEPUTY JENNIFER L BOUCHER, make oath that on 08/03/2021 at 12:31pm,
I served the within named JAMES BASSETT, Associate Justice, by leaving at
the office of the New Hampshire Supreme Court, located at 1 CHARLES DOE DR,
CONCORD, NH, a copy of the Summons and Complaint, attested by the Clerk of
the US District Court.

FEES

        Service     $30.00
        Postage       1.00
        Travel        0.00
                    _____
TOTAL               $31.00

                                    _____
                                    DEPUTY JENNIFER L BOUCHER
                                    Merrimack County Sheriff's Office

RETURN OF SERVICE

MERRIMACK, SS.                                    08/05/2021

    I, DEPUTY JENNIFER L BOUCHER, make oath that on 08/03/2021 at 12:31pm,
I served the within named ANNA BARBARA HANTZ MARCONI, Associate Justice, by
leaving at the office of the New Hampshire Supreme Court, located at 1
CHARLES DOE DR, CONCORD, NH, a copy of the Summons and Complaint, attested
by the Clerk of the US District Court.

FEES

     Service     $30.00
     Postage       1.00
     Travel        0.00
                 --------
TOTAL            $31.00


                    _____
                    DEPUTY JENNIFER L BOUCHER
                    Merrimack County Sheriff's Office

RETURN OF SERVICE

MERRIMACK, SS.                                           08/05/2021

    I, DEPUTY JENNIFER L BOUCHER, make oath that on 08/03/2021 at 12:31pm,
I served the within named PATRICK DONOVAN, Associate Justice, by leaving at
the office of the New Hampshire Supreme Court, located at 1 CHARLES DOE DR,
CONCORD, NH, a copy of the Summons and Complaint, attested by the Clerk of
the US District Court.

FEES

         Service    $30.00
         Postage     0.00
         Travel      0.00
                   _____
TOTAL               $30.00

                                   _____
                                    DEPUTY JENNIFER L BOUCHER
                                   Merrimack County Sheriff's Office

# THE UNITED STATES DISTRICT COURT
## OF NEW HAMPSHIRE

### SWORN AFFIDAVIT

I declare under penalty of perjury under the laws of the State of New Hampshire, that I have read my complaint to the United States District Court of New Hampshire and I know it is true of my own knowledge, except as to those things stated upon information and belief, and as to those I believe it to be true. Executed on July 21. 2021.

SIGNATURE

SIGNATURE/SEAL
MY COMMISSION EXPIRES 3/25/2025

G.  Grant all other and additional relief to which Plaintiff may be entitled or as this Court deems just and proper in the circumstances.

Respectfully submitted, (Sworn Affidavit Attached)

*Lisa Brady*, July 22, 2021

/s/ Lisa Brady, Pro se'
8 Constable Road
Durham, NH 03824
lisa.brady@comcast.net
603-292-5052

**CERTIFICATION OF SERVICE:**
- I certify that a copy of this complaint will be hand delivered and/or mailed or electronically filed through the Court e filing service to Solicitor General Daniel Will and/or Judge Howard of Strafford Superior Court at 259 County Farm Rd # 6, Dover, NH, , phone (855)-212-1234.

- I certify that a copy of this complaint will be hand delivered and/or mailed as early as today but, within the next week, or electronically filed through the Court e filing service to the following Supreme Court Justices and/or Solicitor General Daniel Will (if he is Council) at One Charles Doe Drive, Concord, NH 03301, (603) 271-2646, Justice James P. Bassett, Justice Gary E. Hicks, Justice Anna Barbara Hantz Marconi, Justice Patrick E. Donovan,

- I certify that a copy of this complaint will mailed electronically to Attorney Brian Cullen, on behalf of the Somersworth School District.

*Lisa Brady*, July 22, 2021

/s/ Lisa Brady, Pro Se'
8 Constable Road
Durham, NH 03824
lisa.brady@comcast.net
603-292-5052

**97.** The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**98.** The misconduct described in this Count was undertaken pursuant to the New Hampshire Supreme Courts official or unofficial practice

## REQUESTFOR RELIEF  42 U.S.C. § 1983

> *"Judicial immunity does not preclude suits under section 1983 for declaratory or injunctive relief. See Jacobson v. Schaefer, 441 F.2d 127, 30 (7th Cir. 1971)."*

Wherefore, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and

against the Defendants, and grant the following:

A. Issue an injunction requiring the Defendants to remand Lisa Brady's civil case back to Strafford Superior Court so that she can seek justice for her unlawful termination.

B. Order the Defendants to pay all Lisa Brady's court fees, incurred after Judge Howard issued his December 12, 2021 omnibus order.

C. Declare that the omnibus order delivered by, Judge Mark E. Howard, on December 12, 2019  was an abuse of discretion that was not in compliance with the law or his judicial canons and denied Lisa Brady right to equal protections under the First and Fourteenth Amendment to the U.S. Constitution.

D. Declare that the July 21, 2020 order delivered by the New Hampshire Supreme Court was an abuse of discretion that was not in compliance with the law or judicial canons and denied  Lisa Brady the right to a mandatory appeal and the right to equal protections under the First and Fourteenth Amendment to the U.S. Constitution.

E. Declare that the Defendants have intentionally developed and implemented a custom, practice, and/or policy in which it arbitrarily denies pro se' litigants equal protection of the law because they are less familiar with legal procedure, more apt to believe false legal precedent delivered by a judge, and more likely to give up on claims based of judicial trickery.

F. Declare that the Defendants conspired to deny Lisa Brady her First and Fourteenth Amendment rights, in violation of the equal protection clause which; was promulgated through an explicit violation of the law when granting summary judgment and more insidiously by means of denying access based on false legal precedent. The Defendants actions were not in compliance with the law and primarily executed for the purpose of protecting  the State of New Hampshire's vested interest in the continued sale of a film that exploited a disabled student.

**88.** The acts and omissions of the New Hampshire Supreme Court Defendants; Hicks, Bassett, Hantz Marconi, and Donovan, were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Judge Mark E. Howard.

**89.** The Defendants engaged in a concerted effort to deny Brady the opportunity to legally redress her unlawful termination from the Somersworth School District.

**90.** There was an obvious need for New Hampshire Supreme Court Justices to intervene, as a supervising court of final jurisdiction, to ensure that Brady's Constitutional right to due process were not violated. The New Hampshire Supreme Court, therefore, has demonstrated a policy of deliberate indifference to such civil rights violations. See City of Canton v. Harris, 489 U.S. 378, 389 (1989). Defendant's actions have been committed with reckless indifference to Plaintiffs' federally protected rights.

**91.** The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**92.** As an actual and proximate result of those actions, Plaintiff was injured and has suffered irreparable damages and denied liberty rights to equal access to New Hampshire Courts to redress her unlawful termination from the Somersworth School District.

**COUNT VI-- 42 U.S.C. § 1983 FAILURE TO INTERVENE** (Defendants New Hampshire Supreme Court Justices: Gary E. Hicks, James P. Bassett, Anna Barbara Hantz Marconi, and Patrick E. Donovan)

**93.** Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 91 of this Complaint, as if set forth fully herein.

**94.** New Hampshire Supreme Court Justice Defendants were clothed with the authority of the State of New Hampshire. All actions taken by Defendant Supreme Court Justices, were done while acting under color of state law and deprived Plaintiff of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of section one of the Fourteenth Amendment to the United States Constitution.

**95.** In the manner described above, during the constitutional violations described above, one or more of the Defendant Justices stood by without intervening to prevent the misconduct.

**96.** As a result of the Defendant Justices failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff has continued to suffer irreparable harm as described above, and emotional distress. These Defendants had a reasonable opportunity to prevent this harm but failed to do so.

**79.** The Defendants, through this custom, practice, and/or policy and its selective application, has deprived Plaintiff Lisa Brady of her right to equal protection of the law in violation of the Fourteenth Amendment of the United State Constitution.

**80.** The Defendants acted with deliberate indifference and/or willful blindness to the strong likelihood that unconstitutional conduct would result from the implementation of this custom, practice, and/or policy.

**81.** The Defendants knew or should have known that this custom, practice and /or policy would result in unconstitutional practice.

**82.** Judge Howard and the New Hampshire Supreme Court Justices were deliberately ignorant, callous, reckless, wanton, and malicious, under color of state law and in violation of Brady's constitutional right to equal access under the 14th amendment.

**83.** Lisa Brady suffered and continues to suffer actual and irreparable harm, including the loss of a right to reclaim her professional reputation caused by defamation of character, public humiliation, and permanent economic and emotional hardship.

## COUNT V- VIOLATION OF 42 U.S.C. § 1985(3) – CONSPIRACY TO DEPRIVE PLAINTIFF OF EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION. (Against All Defendants)

**84.** Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 82 of this Complaint, as if set forth fully herein.

**85.** As described more fully above, each of the Defendants conspired directly or indirectly for the purpose of denying Lisa Brady equal protection of the law.

**86.** Defendant New Hampshire Supreme Court Justices Hicks, Bassettt, Hantz Marconi, and Donovan engaged in acts in furtherance of a conspiracy by denying Lisa Brady's meritorious mandatory appeal based on legal findings that conflict with the law and prior legal precedent. As a Court of superintendent authority over Strafford Superior Court, the Justices of the Supreme Court are vicariously liable for the unlawful acts of Judge Mark E. Howard. They knew or should have known that Judge Howard was acting under color of state law in violation of Lisa Brady's 14th U.S. Constitutional right to equal protection of due process and granted Brady's mandatory appeal. They knew or should have known that Brady was entitled to an appeal. They knew or should have known that Judge Howard committed a reversible error and that he had discretion and a legal obligation to correct the record.

**87.** The N.H. Supreme Court Justices have not disciplined or used its' superintendence authority (N.H. Chapter 490:4) over Defendant Judge, Mark E. Howard, for his negligent and willful and wanton violations of Plaintiff's constitutional rights under color of state law. Therefore, they have implicitly approved, ratified, or adopted Judge Howard's negligent unconstitutional actions,

**COUNT IV- 42 U.S.C. § VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT. (ALL DEFENDANTS)**

72. Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 70 of this Complaint, as if set forth fully herein.

73. Defendant Judge Howard and Supreme Court Justices Hicks, Bassett, Hantz Marconi, and Donovan, were clothed with the authority of the State of New Hampshire. All actions taken by Defendant Judges, were done while acting under color of state law and deprived Plaintiff of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of section one of the Fourteenth Amendment to the United States Constitution.

74. Plaintiff is a member of a protected class of litigants that proceed pro se'

75. Plaintiff was similarly situated in all relevant aspects to other New Hampshire litigants that seek civil legal redress for an unlawful termination.

76. The Defendants have intentionally developed and implemented a custom, practice, and/or policy in which it arbitrarily denies pro se' litigants equal protection of the law because they are less familiar with legal procedure, more apt to fall prey to false judicial findings of fact and more likely to discontinue pursuance of their legal claims based on a reliance on false legal assertions and judicial trickery as previously detailed in the above paragraphs.

77. The New Hampshire Supreme Court Justice's official and unofficial policies and customs encouraged, caused, allowed, and/or enabled Defendant Judge Mark E. Howard  to violate Plaintiffs' state and federal constitutional rights without fear of discipline for those violations. See Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978).

78. The Defendants know or should have known about the existence of this custom, practice, and/or policy which; is only enforced against litigants that are not represented by attorneys and more vulnerable to judicial bullying, and more likely to give up claims without questioning the motives of  a judge. When Judge Howard granted Brady's amended pleadings on  February 12, 2019, he knew or should have known that the Somersworth motion for summary judgment was moot. Brady did not figure out his legal trick until March 17, 2020. If Brady were represented by an attorney, Judge Howard likely would not have attempted that kind of trickery. After Brady figured it out and motioned him at a point in time when he had unfettered discretion to change his ruling on summary judgment, he refused and closed his door to justice. The New Hampshire Supreme Court cited erroneous facts to deny Brady justice and wrote barely a paragraph to explain their findings. They shirked a duty to supervise and remedy Judge Howard's unlawful actions. They are vicariously responsible for his acts.

**66.** As a direct and proximate result of Defendants' violation of the First Amendment, Plaintiff has suffered, and will suffer, irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief.

## COUNT III: RETALIATION IN VIOLATION OF § 1983, 42 U.S.C., FOURTEENTH AMENDMENT EQUAL PROTECTION AND FIRST AMENDMENT FREEDOM OF SPEECH (All DEFENDANTS)

**67.** Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 65 of this Complaint, as if set forth fully herein.

**68.** Defendants Strafford Superior Court Judge, Mark E. Howard, and the New Hampshire Supreme Court Justices: Gary E. Hicks, James P. Bassett, Anna Barbara Hantz Marconi, and Patrick E. Donovan were clothed with the authority of the State of New Hampshire. All actions taken by Defendants were done while acting under color of state law and deprived Plaintiff of rights secured by the U.S. Constitution and laws of the United States, specifically the Fourteenth Equal Protection clause and the First Amendment, Freedom of Speech. 42 U.S.C. § 1983,protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws"

**69.** Judge, Mark E. Howard, and Justices: Hicks, Bassett, Hantz Marconi, and Donovan retaliated against Brady when they denied her a hearing in order to protect the state of New Hampshire's interest in the continued sale of a public film, "Axel," part of Dan Habib's "Who Cares about Kelsey" Teaching kit, currently selling out of the U.N.H. Institute on Disability. The Defendants retaliated against Brady because the State of New Hampshire has a vested interest in preventing the public from finding out that that U.N.H. Institute on Disability exploited a severely impaired autistic child in a public film. The Defendants actions prove they were partial to the state of New Hampshire and not in compliance with the law.

**70.** The New Hampshire Supreme Court Justices: Gary E. Hicks, James P. Bassett, Anna Barbara Hantz Marconi, and Patrick E. Donovan are liable under 42 U.S.C. § 1983 because they are a court with final supervisory authority, and they violated Plaintiffs' constitutional rights by denying her a mandatory appeal. Their acts and omissions were so culpable as to constitute authorization of, and acquiescence in, the unlawful conduct of Judge Mark E. Howard.

**71.** As a direct and proximate result of Defendants' retaliation which interfered with Brady's Fourteenth Amendment right to equally access justice, Plaintiff has suffered, and will suffer, irreparable harm, including the loss of her fundamental constitutional rights, entitling her to declaratory and injunctive relief. The Defendants' actions were deliberately indifferent to the law, their judicial canons, and Brady's right to civilly redress her unlawful termination and right to be compensated for the harm caused by the Somersworth School District

58. Defendant Judge Howard acted intentionally, knowingly, willfully, wantonly, and in reckless disregard for Lisa Brady's equal protection rights under the Fourteenth Amendment constitutional rights, and without regard to the significant emotional, financial, and reputational damage such actions would cause. Lisa Brady has suffered and continues to suffer actual and irreparable harm.

59. Defendant Judge Howard's actions were committed with reckless indifference, under color of state law, to Plaintiffs' federally protected rights and  law establishing the illegality of his actions was clearly established at the time such actions were taken.

**COUNT II - FREEDOM OF SPEECH: First Amendment; 42 U.S.C. § 1983 (All Defendants)**

60. Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 58 of this Complaint, as if set forth fully herein.

61. Defendant Judge Howard and Supreme Court Justices Hicks, Bassett, Hantz Marconi, and Donovan, were clothed with the authority of the State of New Hampshire. All actions taken by Defendant Judges, were done while acting under color of state law and deprived Plaintiff of her right to freedom of speech in violation of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

62. By punishing Plaintiff's speech, she was deprived of the right to civilly redress the defamation of character and retaliation that she suffered when she was terminated from her job, after she reported the educational neglect of her student and his exploitation in a fraudulent public film, "Axel. " The Defendants' actions show a dereliction of a duty to remain impartial to New Hampshire's state interest in continuing to sell the fraudulent film out of U.N.H. Institute on Disability.

63. The Defendants bias towards protecting State interest in the sale of a film over the Public's right to know that the film is a fraud, was the moving force behind the violation of Plaintiffs' right to freedom of speech, in violation of the First Amendment.

64. The Defendants substantial interference with the Plaintiff's right to equal protections of due process rights, afforded under part one of the 14th amendment, as described in the preceding paragraphs, resulted in a violation of Lisa Brady's rights to freedom of speech that pleading her case in a court of law, open to the public, would afford. Her speech would have also allowed vindication for the publicly defaming assaults on her character that occurred during her termination which; was open to the public.

65. The Defendants' actions have injured Plaintiff by chilling her speech through dismissal of claims with orders that do not comport with the law and denying Brady an opportunity to have her case heard by a jury of her peers, open to the public.

termination allegations that were purportedly the basis for the Somersworth School District's unlawful termination.

51. In denying Lisa Brady her constitutional right to due process and timely filed <u>evidentiary hearing</u> to contest Summary Judgment, Judge Howard deprived her of a meaningful opportunity to contest the false allegations that were purportedly the basis for the Somersworth School District's unlawful termination.

52. In denying Lisa Brady of her constitutional right to due process and exchanges of <u>discovery requests,</u> Judge Howard deprived her of a meaningful opportunity to contest the Somersworth School District's unlawful termination.

53. In denying Lisa Brady of her constitutional right to due process and an unbiased judicial review in compliance with the law, Judge Howard failed to grant Brady's meritorious <u>partial motion for summary judgment</u> which; was based on the Somersworth School District's erroneous application of the plain language of N.H. RSA 141 H:2 at her termination hearing where they failed to provide analogous applicability to Brady's employment discipline

54. In depriving Brady of these basic due process rights, Judge Howard allowed the Somersworth School Defendants to shirk any accountability to support that their actions with Brady's termination were lawful.

55. Judge Howard's unlawful omnibus ruling resulted in a continued pattern of retaliation that began after Brady blew the whistle on Somersworth School District's unlawful exploitation of her student "Axel," featured in a fraudulent public film that continues to sell out of the New Hampshire Institute on Disability.

56. In depriving Brady of basic due process rights and utilizing a legally void court document to rule in favor of the Somersworth Defendants on summary judgement, Judge Howard deprived Brady from an opportunity to redress defamatory employment termination claims delivered by the Somersworth School District and widely disseminated to the public. See : http://www.sau56.org/wp-content/uploads/2015/03/Somersworth-School-Board-Hearing-February-16-2015.pdf (downloaded online 7/18/2021).

57. In depriving Brady of basic due process rights and utilizing a legally void court document to rule in favor of the Somersworth Defendants on summary judgment, Judge Howard deprived Brady of a public name clearing hearing with presentation of Somersworth School District FERPA Policy for staff, which proved that Brady did not violate her former student's privacy as alleged. Brady was denied a meaningful opportunity to contest false termination allegations that were purportedly the basis for the Somersworth School District's unlawful termination.

for the unlawful violations committed against her based on her whistleblowing. The loss

of her teaching career,  the lost  opportunities for career advancement, benefits, and

promotions, increased salary, and improved lifestyle, the increased financial burden she

now places on her spouse, the loss of opportunity based on financial devastation in

retirement, lost rights and liberty of legal recourse and justice guaranteed by the laws of

the N.H. and U.S. Constitution that are supposed to be available to every person.

## LEGAL CLAIMS

### COUNT I- 42 U.S.C. ' 1983 VIOLATIONS OF RIGHTS SECURED BY PROCEDURAL DUE PROCESS AND THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT (Defendant Mark E. Howard)

46. Plaintiff hereby incorporates by reference all allegations contained in ¶¶ 1 through 44 of this Complaint, as if set forth fully herein.

47.  Defendant Judge Mark E. Howard was clothed with the authority of the State of New Hampshire. All actions taken by Defendant Judge, Mark Howard, were done while acting under color of state law and deprived Plaintiff of rights secured by the Constitution and laws of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

48. Defendant Judge Howard used a legally void court document, Lisa Brady's original pleadings, to unlawfully grant the Somersworth School District summary judgment. (Strafford Superior Court No.  219-2018-cv-00002).  Judge Howard knew or should have known that his use of void pleadings to grant summary judgment to the Somersworth School District Defendants violated New Hampshire statute under Title LI, 491:8-a Motions for Summary Judgment and that it conflicted with long established case law.

49. Judge Howard showed that his actions were deliberately indifferent to Lisa Brady's Constitutional right to equal access, when he refused to correct his error in using the original rather than the amended complaint which; Lisa Brady brought to his attention within a motion to the court on March 17, 2020.  Judge Howard intentionally refused to correct an error that he committed when he used a legally invalid court document ("original defunct writ") and granted the defendants summary judgment. His actions ran contrary to established law and denied Brady the right to civilly redress her unlawful termination.

50. Judge Howard used void pleadings to deny Lisa Brady her constitutional right to due process and a <u>name-clearing hearing</u> for the <u>defamation of character</u> claims, Brady was deprived of her constitutional right and a meaningful opportunity to contest false

from the Defendants about the status of her motion for reconsideration. Case law has

long been settled on the use of amended pleadings:

> *"The filing of an amended complaint generally moots a pending motion to dismiss. Yates v. Applied Performance Techs., Inc., 205 F.R.D. 497, 499 (S.D. Ohio2002). See also Hartman, 2007 WL 915193, at \*6 (holding that defendants' motions to dismiss the original complaint and the first amended complaint were moot given the subsequent filing of a second amended complaint); Pethtel v. Washington County Sheriff's Office, No. 2:06-799, 2007 WL 2359765, at \*5 (S.D. Ohio Aug. 16, 2007) ("because an amended complaint supersedes the original complaint, the filing of an amended complaint normally moots a motion to dismiss the original complaint"); Hibbets v. Lexington Ins. Co., No. 07-5169, 2008 WL 373608, at \*1 (E.D. La. Feb. 7, 2008).*

42. Under *Saucier*, qualified immunity applies unless the official's conduct violated: *1. A constitutional right has been violated, and then  2. Whether that right was clearly established at the time of the alleged conduct.* See  Saucier v. Katz, 533 U.S. 194 (2001).

43. Since being denied her mandatory appeal, Lisa Brady filed two  petitions for original jurisdiction and requested issuance of a writ of  Mandamus so that this case would be remanded back to Strafford Superior Court for processing.

44. *A void judgment does not create any binding obligation.* Federal decisions addressing void state court judgments include *Kalb v. Feuerstein* (1940) 308 US 433, 60 S Ct 343, 84 L ed 370.  Judge Howard's omnibus order is a void judgment.

45. Irreparable Harm: Lisa Brady will suffer harm that cannot be completely remedied by money damages. The loss of  a right to reclaim her professional reputation, caused by defamation of character, the false information reported as the truth in public records that result in public humiliation and character assassination   Additionally, she suffers extreme mental stress: the loss of joy and happiness directly related to a denial of justice

*"We have reviewed the claims made in Lisa Brady's motion for reconsideration and conclude that no points of law or fact were overlooked or misapprehended in the decision dismissing this appeal as untimely filed. Accordingly, upon reconsideration, we affirm the July 21, 2020 decision and deny the relief requested in the motion."*

**39.** The New Hampshire Supreme Court order failed to address the New Hampshire State Constitution violations alleged by Brady and other salient claims that challenged Judge Howard's legal, ethical, and judicial competence.  The Supreme Court knew or should have known that Judge Howard's omnibus order was a "void judgment" because it relied on a "dead letter" (the original writ). They knew or should have known that Judge Howard's omnibus order was a fraud on the court; that the judge knowingly replaced Brady's legal pleadings with a void court document  in order to deceive Brady and the public.  The Supreme Court's inaction and failure to supervise or sanction Judge Howard's action shows a concerted effort to deny Lisa Brady her right to access the courts in the state of New Hampshire.  The New Hampshire Supreme Court aided and abetted Judge Howard's unlawful actions, with willful blindness under color of state law and, in violation of Brady's fourteenth amendment right to equal access under the U.S. Constitution.

**40.** The Supreme Court denied Lisa Brady a second motion for original jurisdiction, to correct errors, on May 17, 2021. [E28 P.269-270].

**41.** To date, neither Judge Howard nor the N.H. Supreme Court, in its denial of Brady's petition for mandatory appeal, have addressed the omnibus order that Judge Howard delivered to the Court on December 12, 2019 regarding his use of void pleadings.  On May 18, 2021, [E29 P.271-279].  Lisa Brady filed a motion to reconsider the Supreme Court denial of a mandamus against Judge Mark Howard and she has not heard back

*36.* The New Hampshire Supreme Court knew or should have known that the findings

within their July twenty first order ran contrary to prior orders delivered by the court

under similar circumstances <u>by litigants represented by attorneys</u>, showing unequal

treatment to a pro se' litigant.  The order was in *bad faith* and delivered for the purpose

of denying Brady the right to equal access to justice.

37. <u>On July 22, 2020</u>, Brady filed a motion for reconsideration of the

Supreme Court's denial of  Lisa Brady's mandatory appeal and stated: [E22 P.225-232].

> *"Strafford Superior Court Judge, Mark Howard, committed a "plain error"*
> *and that error impacted Brady's rights to due process under Part I, article*
> *14 of the  N.H. State Constitution, when he erroneously granted the*
> *Defendants' motion for summary judgment and then refused to correct  the*
> *errors, under superior court rule 1, within a second motion filed by the*
> *Plaintiff.  The Judge unduly prejudiced Brady when he granted the*
> *Defendants summary judgment based solely on the original "nullified"*
> *complaint filed with the Court on January 2, 2018 and not the "actual"*
> *amended complaint filed on December 18, 2018 and granted by the Court*
> *on February 12, 2019."*

She also stated:

> *"The judge had the authority to waive any rule, including any for*
> *timeliness, to  correct an error that he made which; unduly prejudiced*
> *Brady.  When he chose not to waive the timeline and correct his error, he*
> *knowingly allowed a, "fraudulent public record," (his order from*
> *December 13, 2019) to be forever memorialized. He showed bias and a*
> *dereliction of judicial duties for "fairness" and "impartiality."  Given*
> *Judge Howard's unwillingness to correct his error, it seriously calls into*
> *question whether he knowingly and willfully ruled on summary judgment*
> *using the "wrong" complaint because he knew that Brady was not*
> *represented by Council and less likely to pick up on his trickery. Brady*
> *argues that the Court took advantage of her Pro Se' status and resorted to*
> *trickery in summarily dismissing her case because she had filed a Prima*
> *Facie amended writ. A complaint that was never answered by the*
> *Defendants."*

38. <u>On August 18, 2020</u>, the NH Supreme Court denied Brady's motion for reconsideration

an issued the following order: [E23 P.233-234].

I.      Did the Court commit a reversible error when it used the original,
        "moot," complaint filed with the Court and not the "operative,"
        amended version, as justification for summary judgement? (The
        original complaint was filed on 1-2-2018, amended one filed on 12-13-
        2018, Defendant MSJ filed 1-25-2019, Court granted amended
        complaint on 2-12-2019).

II.     Whether an error made by the Court should result in a miscarriage of
        justice for Brady. Once a pro se litigant has done everything possible to
        bring his action, he should not be penalized by strict rules which might
        otherwise apply if he were represented by counsel." See Rappleyea v.
        Campbell, 884 P.2d 126, 132 (California 1994)

III.    Whether the Court should have waived the rules for "timeliness,"
        under Superior Court Rule 1, and corrected the summary judgment
        order after Brady filed a second motion for reconsideration and called
        the Court's attention to the error. In New Hampshire Judges are
        supposed to "make reasonable efforts, consistent with the law and
        court rules, to facilitate the ability of all litigants, including self-
        represented litigants, to be fairly heard" (N.H. Jud. Code 2.2(B)).

**34. On July 21, 2020**, the New Hampshire Supreme Court abused their discretion when

they denied Lisa Brady's mandatory appeal and stated:

> "The superior court denied Lisa Brady's motion to reconsider the court's
> December 12, 2019 order on March 10, 2020. The motion to reconsider
> that she filed on March 17, 2020, *was a successive-post decision motion*
> *that did not stay the running of the appeal period. Consequently, the*
> appeal should have been filed on or before April 9, 2020. The notice of
> appeal was filed on June 1, 2020, and thus is untimely filed." [E21 P.223-
> 224].

**35.** The N.H. Supreme Court had something different to say in *Prime Financial Group*,

141 N.H. at 34, 676 A.2d at 530:

> "We hold that Ellis does not apply to a motion for a new trial and a
> successive motion for reconsideration. When a court denies a party's
> motion for a new trial, **the party should be allowed to point out the errors**
> **of the lower court's order, and the lower court should be given the**
> **opportunity to correct those errors**. Cf. Dziama v. City of Portsmouth, *140*
> *N.H. 542, 545, 669 A.2d 217, 218-19* (1995) (recognizing that in context of
> RSA 677:3 (1986 Supp. 1988))."

weaponized deliberately dragging this case out and issuing orders devoid of meaningful information or addressing the salience of motions and complaints. The only lengthy order was delivered by Judge Howard (his omnibus order) and it was a fraud on the court. The Supreme Court justices have not provided Brady with any meaningful orders that would allow her to understand why she was being denied her claims. They have not addressed the merits of any claim filed by Brady.

30. *"The acts of Judges are "action[s] of the State within the meaning of the fourteenth amendment. If a judge acted in a "clear absence of all jurisdiction" he is he amenable to suit. Stump v. Sparkman, 435 U.S. 349 (1978) Sparks v. Duval County Ranch Co., 604 F.2d 976 (5th Cir. 1979)."*

31. Judge Howard's use of a document that no longer had any legal affect ("original complaint") when he granted summary judgment to the Somersworth School District Defendants was not an act of judicial discretion. It was a deceitful act meant to harm Lisa Brady. The New Hampshire Supreme Court Justices, by failing to act on their supervisory role over a lower court judge, have tacitly approved and perpetuated Judge Howard's unlawful and intentional use of legally void pleadings to deny Brady her constitutional right to equal access under the 14th amendment of the U.S. Constitution.

33. **On May 31, 2020**, within thirty days of Judge Howard's order, Lisa Brady filed a mandatory appeal with the N.H. Supreme Court. [E20 P.196-222]. Three of the eight questions that she asked the court to review include:

*"Brady's amended complaint granted by this Court on February 12, 2019 supplanted the original complaint filed on January 2, 2018. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). Because the Court's analysis and findings quoted the original complaint throughout the order, it unduly prejudiced the plaintiff."*

27. **On May 6, 2020,** Judge Howard provided Brady with notice of a decision he made on April 1, 2020 and it stated: ***"Denied as untimely."*** [E19 P.194-195]. Judge Howard had an ethical obligation and  unfettered discretion to waive any procedural requirement to correct an error that he made which; resulted in a constitutional violation and miscarriage of justice for Brady.

28. Judge Howard violated Title LXII Criminal Code, Chapter 641:3 *Falsification in Official Matters* with a purpose to deceive the public in the performance of his official function as a judge in the State of New Hampshire. Judge Howard made a written false statement in a public document, his omnibus order, which;  he knew or should have known was not true. He knowingly created a false impression within his omnibus order when he granted the Somersworth School District summary judgment. He purposefully used Brady's "original" pleadings rather than the "amended" writ. Judge Howard's omnibus order is a fraud on the Court and should be voided.  As a legal public document, it invites reliance from other legal professionals that look to case law in performance of their duties.  As a public document it also perpetuated the defamation of character that Brady's amended writ attempted to redress in Strafford Superior Court.

29. Judge Howard knew or should have known that forcing Brady into the Supreme Court arena would cause her case to lag, and that it would be difficult and frustrating for Brady, as a pro se' litigant. The New Hampshire State Constitution says that justice should be obtained *"promptly and without delay."*  All judges in this case have

23. **On December 20, 2019**, Brady filed a motion to reconsider summary judgement.

[E16 P.178-184].

24. **On March 10, 2020**, Judge Howard provided Brady with notice of a decision he

had made five days earlier and it stated:

*"Plaintiff Motion for Reconsideration; "Upon review, denied. The court did
not overlook or misapprehend any material point of fact or law in its
original order."* [E17 P.185-186].

25. **On March 16, 2020** Lisa Brady contacted the Strafford Superior Court about

Judge Howard's error and the clerk told her that if she motioned the judge about his

error, it would stop the clock for filing an appeal. The following e-mail to

Somersworth School District Attorney Brian Cullen is evidence of the conversation:

*"From: Lisa Brady < >
Sent: Monday, March 16, 2020 3:46 PM
To: Brian Cullen <bcullen@cullencollimore.com>
Subject: Brady v. Somersworth
Dear Attorney Cullen, I just contacted the Courthouse and was told that I
could file a motion for reconsideration because the judge's Order was
based off of my original complaint and not my amended complaint. I can't
find anything in the rules about this but, the woman that I spoke with said I
could file another motion which; would stop the clock and the 30 day
appeal to Supreme Court wouldn't start again until the judge ruled. Do you
assent to my filing a motion to reconsider based on the fact that the judge
used my original and not amended complaint when issued his findings?
Thanks for your time, Lisa"*

26. **On March 17, 2020**, Brady filed a timely second motion, seven days after Judge

Howard's order, asking Judge Howard:

*" Plaintiff, Lisa Brady, files this motion to reconsider summary
judgement under Superior Court General Principles Rule 1. Scope,
Purpose, Enforcement, Waiver and Substantial Rights (e) A plain error that
affects substantial rights may be considered and corrected by the court of
its own initiative or on the motion of any party."* [E18 P.187-193].

AND, under number one of Brady's motion she stated:

*"An amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).* See Parks v. Federal Exp. Corp., *1 F. App'x 273, 277 (6th Cir. 2001).see FED.R.CIV.P.15. §1476, at 636, See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001)*

20. *The New Hampshire Supreme Court created a liberty interest in a person's*

    *reputation protected by the due process clause of the state constitution.* See State v.

    Veale 972A.2d 1009 (N.H. 2009). Judge Howard knew or should have known that

    his omnibus order included false defaming statements asserted as truth within a

    public record that would tend to cause Brady public hatred, contempt, or ridicule.

21. Judge Howard defied N.H. rules for summary judgment when he purposefully

    switched pleadings to dispose of Brady's case:

    See NH Title LI, 491:8-a Motions for Summary Judgment. – *III. "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits filed, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."*

    Judge Howard acted outside of his jurisdiction when he chose to tamper

    with Brady's legal record and use "legally void" pleadings to

    constitutionally harm Lisa Brady.

22. Within Judge Howard's December 12, 2019 omnibus order, he also used the legally

    void original writ to  deny Lisa Brady's motion to compel discovery, motion for an

    evidentiary hearing, motion to reconsider, and denied her partial motion for

    summary judgment.  His denial of these basic due process rights showed bias and

    was a state action delivered under color of law with the intent to deny Lisa Brady

    her right to equal access secured under the 14th amendment of the United States

    Constitution.

*the earlier complaint is a dead letter and no longer performs any function in the case." Drew v. Hampshire*, 2015 N.H. 63 (D.N.H. 2015).

Judge Howard used a *"dead letter"* to deceive the Court and took advantage of Brady's pro se' status.

**16. On February 25, 2019**, Judge Howard issued an order that denied Brady's motion for partial summary judgment and *"adopted the defendants reasoning."* He denied her motion to amend damages, motion for discovery sanctions, a timely filed motion for an evidentiary hearing to refute summary judgment, and granted the Somersworth School District's request to extend time for filing a motion for summary judgment even though it was moot. [E11 P.105-106].

**17. On February 26, 2019**, Brady filed a timely motion for an evidentiary hearing. [E12 P.107-109] to refute summary judgment and a motion to compel discovery. [E13 P.110-138]. Judge Howard took over nine months to rule.

**18. On December 4, 2019**, Lisa Brady submitted her Rule 35, trial brief with signed affidavit as required by the court. . [E14 P.140-164]. The comprehensive document outlined all the disputed material facts for trial and was sufficient to justify moving forward to a jury. Judge Howard retaliated against Brady by ruling in favor of the Defendants on summary judgment one week later. He knew or should have known, based on her submitted brief, that Brady had standing for a trial.

**19. On December 12, 2019**, Judge Howard delivered his omnibus order and granted the Somersworth Defendants motion for summary judgment. [E15 P165-177]. Attached exhibits five and six shows irrefutable evidence that Jude Howard used a void complaint.

> *"She does not merely "cure a defect in the wording of her complaint,"*
> *Motion at 2, she has substantively altered her claims,"*
> *AND*
> *"Such changes greatly expand the claims from a narrow challenge to a*
> *single basis for her termination to a broad attack on every basis for*
> *termination." [E7 P.65-68].*

**12. January 7, 2019** Lisa Brady filed a partial motion for summary judgement and

asked Judge Howard to consider:

> *"Did the Somersworth School Board erroneously apply the plain language*
> *of RSA 141 H:2 at Lisa Brady's termination hearing when they failed to*
> *provide analogous applicability to Brady's employment discipline?" [E8*
> *P.69-83].*

Judge Howard never answered the question.

**13.On January 25, 2019** the Somersworth Defendants filed a <u>motion to extend the</u>

<u>timeline</u> to file a motion for summary judgment and filed a motion for summary

judgement. The motion addressed allegations within the original complaint, not the

amended version. [E9 P.84-99].

**14.On February 12, 2019** Judge Howard granted Brady's amended complaint and

stated:

> *"In this case, while the proposed amendments alter the plaintiff's*
> *substantive claims, the causes of action are not entirely new and the*
> *evidence is not markedly different from what is already known to the*
> *defendants. Accordingly, the amendments are allowed." [E10 P.100-104].*

**15. The February 12, 2019** decision should have rendered the Defendants' motion for

summary judgment moot.  See Judge Joseph DiClerico, New Hampshire District Court

in Drew v. Hampshire,

> *"The motion to dismiss was terminated as moot because it challenged the*
> *original complaint, not because all of the issues raised in the motion were*
> *resolved or because the claims against Norris implicated sovereign*
> *immunity. **Pursuant to the order granting the motion to amend, the***
> ***amended complaint superseded the original complaint, and "[t]hereafter,***

D.  Defendant Associate Justice James P. Bassett, New Hampshire Supreme Court, One Charles Doe Drive, Concord, NH 03301, (603) 271-2646.

E. Defendant Associate Justice Anna Barbara Hantz Marconi New Hampshire Supreme Court, One Charles Doe  Drive, Concord, NH 03301, (603) 271-2646.

F. Defendant Associate Justice Patrick E. Donovan, New Hampshire Supreme Court, One Charles Doe Drive, Concord, NH 03301, (603) 271-2646.

9.  **JURISDICTION AND VENUE**

A.  Plaintiff files this federal action  which; falls under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. §1983 and §1985(3).

B.  This Court therefore has subject matter jurisdiction under 28 U.S.C. § 1331.

C.  Defendant Judges are from New Hampshire and all causes of action arose in New Hampshire

D.  Declaratory relief is authorized by 28 U.S.C. § 2201 and 2202.

E.  Venue in the District of New Hampshire is based on 28 U.S.C. § 1391(b).

**FACTS**

9. **On January 2, 2018**, Brady filed her original complaint with Strafford Superior Court. [E5 P.20-44].

10. **On December 13th  2018**, Brady filed an amended complaint. [E6 P.45-64].  The amended pleadings included claims related to Somersworth School District Policy that were never answered by the Somersworth Defendants.  The Somersworth FERPA policy [E.2 P.9-11 ] extended to staff and gave unilateral authority to teachers for release of student information when they were concerned about safety. See similar case in *Appeal of Farmington School District*, No. 2015-0032 (N.H. 2016). Judge Howard knew or should have known that the privacy policy would have allowed Brady to win on termination claims that she violated Axel's privacy.

11. **On December 28, 2019**, the Somersworth Defendants filed an objection to Plaintiff's motion to amend the complaint which; stated, in part:

7.  It is much easier for the State of New Hampshire to target Lisa Brady, the lone teacher that stood up to protect "Axel's" rights. All Somersworth teaching staff featured in the film lied about his abilities, kept their jobs, and kept their retirement benefits. Brady told the truth and lost a career that she excelled at and loved. She lost all benefits including her retirement. The Defendants in this case retaliated against Brady because this case involved corruption at a state level and the Judges have chosen to protect State interests over the Public's right to know.

8.  In July of 2014, Lisa Brady filed a complaint against Somersworth Superintendent Jeni Mosca and Director of Special Education, Pam MacDonald, with N.H. Commissioner of Education, Virginia Barry, regarding the educational neglect and false portrayal of Axel within the film. [E3 P. 12-17]. Brady was terminated two months after Commissioner Barry issued her investigation findings which; exonerated U.N.H. and Somersworth School District officials. The evidence shows that her investigation was a sham. [*Compare* E3 P.12-17 & E4 P 18-19]. Commissioner Barry did not answer any of the claims that Brady filed, and instead fabricated official findings from a complaint that did not exist. She abused her authority, deceived the public, and gave Somersworth officials an official letter to present to the school board at Brady's termination hearing.

## 7. THE PARTIES

A. Plaintiff Lisa M. Brady, Pro Se' is a natural person residing at 8 Constable Road, Durham, Strafford County, New Hampshire. 603-292-5052.

B. Defendant Judge Mark E. Howard, presiding at Strafford Superior Court, 259 County Farm Rd # 6, Dover, NH, , phone (855)-212-1234.

C. Defendant Senior Associate Justice Gary E. Hicks, New Hampshire Supreme Court, One Charles Doe Drive, Concord, NH 03301, (603) 271-2646.

talk...to type." To be honest, the first time I saw the video I questioned the sincerity of the production. There are several shots of Axel typing /pointing where his hand is shown in isolation and we don't know whether or not he is being facilitated because, if so, the support is off-camera. I hope this helps for now, Stephen N. Calculator, Ph.D. Professor  Department of Communication Sciences and Disorders Hewitt Hall, 4 Library Way Durham, NH 03824-3563 (603) 862-3836 stephen.calculator@unh.edu"

5.  Lisa Brady submitted evidence to the Strafford Superior Court and the New

Hampshire Supreme Court under seal, A.C.'s  draft I.E.P., which; showed that A.C.'s

cognition at the time of filming "Axel" was equivalent to a preschool student. It is

proof that the University of New Hampshire Institute on Disability and the

Somersworth School District conspired to commit fraud.   The film continues to sell

to the public and considered an ongoing crime.

6.  The Strafford Superior Court and the New Hampshire Supreme Court have

irrefutable evidence, sealed from public view, which proves, they know that the

"Axel" film is a fraud. They are also obligated and, in a position to do something

about it. Judges are supposed to be the public's protectors of predatory behavior,

especially when it involves disabled children. The state of New Hampshire has a

vested interest in the continued sale of the film and, more importantly, protecting the

University of New Hampshire Institute on Disability from potential negative media

exposure and public shaming that would likely occur after the word got out that a

Public State University, that touts themselves as being experts in the field of

remediating the cognitive disabilities of severely impaired students, knowingly

engaged in the exploitation of a severely impaired autistic student for the purpose of

career advancements and potential for winning a prize at a  film festivals.

3. A.C. transferred to Brady's sixth grade inclusion program while U.N.H. Institute on Disability was still in the process of filming. AC did not have basic mastery of the alphabet or numbers one through ten.

4. The Somersworth School District gave Dan Habib, a mere film maker and promoter of junk science cures--who has no educational or professional license--access to a special education student, A.C., in order to make him the next poster child for facilitated communication, a dangerous and debunked cure for a cognitive disability. The following internal U.N.H. email exchange between Charles Drum, Director of the New Hampshire Institute on Disability (IOD), and U.N.H. Communication Professor Stephen Calculator shows that University Officials knew or should have known that the Axel film was a fraud and taken steps to prevent the continued exploitation and sale of the film.

"**From**: Drum, Charles, **Sent**: Friday, November 20, 2015 3:10 PM. **To**: Calculator, Stephen **Subject**: Assessment
**Hi, Steve-**Thank you for not responding to the Slate piece. I think this will give IOD the impetus to clarify our stance on FC and it has been a long time coming. Have you watched the Axel film?
http://www.youtube.com/watch?v=hsES61i8i-Q Since FC is not my area, I'm trying to get a sense of whether it's reasonable to come to the conclusion from a lay person's perspective that FC is present in the film.  Would an expert conclude that there's FC in the film? The Slate article states: "Harvard's Howard Shane documented the tricks and deception for me in detail, concluding, 'They only made a few mistakes in editing, but the truth does come out." I see the occasional hand on wrist, but don't know what I should be looking for.  Any chance we can talk about this?  Thanks.
**From**:      Calculator, Stephen **To**:  Drum, Charles **Subject**:  Re: Assessment
**Date**:      Sunday, November 22, 2015  12:01:30 PM
**Hi Charles**, Sure, I would be happy to discuss this with you, preferably after the Thanksgiving break. In viewing the video I believe most individuals with knowledge of FC would identify its use in this segment.  There are segments with peers as well as the SLP that show them providing support to enable him to isolate an index finger and point.  There are also buzz FC sentences and phrases about assuming competence, planning for college, "independent typing", etc.At one point, Axel is quoted saying something like, "I want to

amended complaint which; superseded the original complaint when he granted summary judgment to the Somersworth School District Defendants. Brady filed a second motion to reconsider and Judge Howard refused to correct his mistake.   He knowingly allowed a public document, his December 12, 2019 omnibus order [E.15 P. 165-177], to be entered into the record with false and misleading information that he asserted to be truthful. Judge Howard's false and defaming order unlawfully exposed Brady *"to public hatred, contempt or ridicule."* It was an intentional fraud meant to harm Brady. His sinister actions would "shock the conscience" of a reasonable person that believes a judge acts with impartiality.

2.  Lisa Brady was a tenured special education teacher and unlawfully terminated from the Somersworth School District in January of 2015 [E1 P.2-8], after she filed a complaint with New Hampshire Commissioner of Education , Virginia Barry, against Somersworth Superintendent, Jeni Mosca and Director of Special Education, Pam MacDonald. [E3 P 12-17] Brady was retaliated against after she reported the educational abuse and neglect of her special need's student featured in a fraudulent public film, "Axel," part of Dan Habib's *"Who Cares about Kelsey Teaching Kit*," which; used state and federal grant funds, and continues to sell out of the University of New Hampshire, Institute on Disability.  The film claimed that  "Axel," had recovered from a severe cognitive impairment related to his Autism and that the Somersworth teaching staff could stop working with him on nursery rhymes because he was "on grade level" and "on a path to college."

# THE UNITED STATES DISTRICT COURT
# OF NEW HAMPSHIRE

July 22, 2021

**Lisa M. Brady, Pro se'**
  *Plaintiff*
    v.
**Judge Mark E. Howard,** Strafford Superior Court
In his individual and professional capacity.
**Senior Associate Justice Gary E. Hicks** In his
individual and professional capacity. N.H. Supreme Court
**Associate Justice James P. Bassett,** In his
individual and professional capacity. N.H. Supreme Court
**Associate Justice Anna Barbara Hantz Marconi,** In
her individual and professional capacity. N.H. Supreme Court
**Associate Justice Patrick E. Donovan,** In his individual
and professional capacity. N.H. Supreme Court
*Defendants*

## VERIFIED COMPLAINT BROUGHT UNDER 42 U.S.C. § 1983 AND § 1985 (3) FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRELIMINARY AND BACKGROUND STATEMENT

1.     Lisa M. Brady brings this action under 42 U.S.C. § 1983 and § 1985(3), for

violations under color of state law and the First and Fourteenth Amendments to the

U.S. Constitution. Judicial immunity does not apply because the claims are purely

for equitable relief. *Bramlett v. Peterson, 307 F. Supp. 1311 (D.C. Fla., 1969).*

   Strafford Superior Court Judge Mark E. Howard denied Plaintiff, Lisa M.

Brady, of a right to civil remedies to redress her unlawful termination from the

Somersworth School District, in violation of her fourteenth amendment right to due

process of law. Judge Howard of Strafford Superior Court resorted to trickery and

fraud on the court to dispose of Lisa Brady's civil case. He failed to use the

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of

)
)
)
)
Lisa M. Brady )
*Plaintiff(s)* )
v. )          Civil Action No.  21-cv-614-PB
)
)
)
Justice Gary E Hicks )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

N.H. Supreme Court
1 Charles Doe Drive
Concord, NH  03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:    7/22/2021                                                        , Clerk

with ECF Notice attached.

By _____, DiLabio, Deputy Clerk

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of

)
)
)
LISA M. Brady )
_____ )
Plaintiff(s) )
)
v. )   Civil Action No.   21-cv-614-PB
)
)
)
Justice James Bassett )
_____ )
Defendant(s) )

## SUMMONS IN A CIVIL ACTION.

To: *(Defendant's name and address)*

N. H. Supreme Court
1 Charles Doe Drive
Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   7/22/2021                          DANIEL LYNCH, Clerk
with ECF Notice attached.

By: Elisa DiFabio, Deputy Clerk

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of

)
)
)
Lisa M Brady )
_____ )
Plaintiff(s) )
v. )     Civil Action No.  21-cv-614-PB
)
)
)
Justice Anna Barbara Hantz Marconi )
_____ )
Defendant(s) )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

N.H. Supreme Court
1 Charles Doe Drive
Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   7/21/2021                                                            Clerk
with ECF Notice attached.

DiFabio, Deputy Clerk

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of

| | ) |
| --- | --- |
| Lisa M. Brady | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. 21-cv-614-PB |
| | ) |
| Justice Patrick Donovan | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   N.H. Supreme Court
1 Charles Doe Drive
Concord, NH 03301

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   7/22/2021

with ECF Notice attached.

Clerk

Ditabio, Deputy Clerk

**U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

**IMPORTANT NOTICE**

**ATTORNEYS REQUIRED TO FILE ELECTRONICALLY**

Unless specifically exempted, all documents submitted by members of the bar of
this district, as well by attorneys admitted pro hac vice, shall be filed in
accordance with the district's Administrative Procedures for Electronic Case
Filing ("ECF"). For attorneys, that means that while some limited documents will
still be filed in paper format, the vast majority of all future pleadings must be
submitted electronically using the court's Electronic Case Filing (ECF) system
(including cases involving pro se parties). Pro se litigants, however, are not
required to file electronically and may continue to file documents in paper format.

The District of New Hampshire is a NextGen CM/ECF court, which means
attorneys use their individual PACER accounts to file documents in this district
Section 6.1 of the Administrative Procedures for ECF requires that attorneys
appearing in an ECF case must request access to the court's ECF system
through PACER. However, attorneys who filed in this district prior to November
12, 2019 must instead link their individual PACER account with their legacy ECF
account.

For more information on NextGen CM/ECF visit the court's website.

**NOTICE TO PLAINTIFF: You are instructed to serve a copy of this notice on
all parties in this case along with the complaint.**

DANIEL J. LYNCH
Clerk

USDCNH-91 (Rev. 12-19)

## Utility Events

1:21-cv-00614 Brady v. Howard
et al

DLrecused,JLrecused,LMrecused

### U.S. District Court

### District of New Hampshire

### Notice of Electronic Filing

The following transaction was entered on 7/22/2021 at 3:13 PM EDT and filed on 7/22/2021
**Case Name:**      Brady v. Howard et al
**Case Number:**    1:21-cv-00614-PB
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**Case assigned to Judge Paul J. Barbadoro. The case designation is: 1:21-cv-614-PB. Please
show this number with the judge designation on all future pleadings. (ed)**

**1:21-cv-00614-PB Notice has been electronically mailed to:**

**1:21-cv-00614-PB Notice, to the extent appropriate, must be delivered conventionally to:**

Lisa M. Brady
8 Constable Road
Durham, NH 03824

## Service of Process:
1:21-cv-00614-PB Brady v.
Howard et al

DLrecused,JLrecused,LMrecused

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 7/22/2021 at 3:20 PM EDT and filed on 7/22/2021
**Case Name:**        Brady v. Howard et al
**Case Number:**      1:21-cv-00614-PB
**Filer:**
**Document Number:** 2

**Docket Text:**
**Summonses issued by mail as to James P. Bassett, Patrick E. Donovan, Anna Barbara Hantz
Marconi, Gary E. Hicks, Mark E. Howard. Counsel shall serve all documents in
accordance with Fed. R. Civ. P. 4. NOTICE: Counsel shall print and serve the
summonses and all attachments in accordance with Fed. R. Civ. P. 4. (Attachments:
# (1) Notice ECF) (ed)**

**1:21-cv-00614-PB Notice has been electronically mailed to:**

**1:21-cv-00614-PB Notice, to the extent appropriate, must be delivered conventionally to:**

Lisa M. Brady
8 Constable Road
Durham, NH 03824

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382158-0
] [143ea33808e2557b0dc13c48939bcb52ecb17fe35071106bfe82ead708a3a468db7
7c0cbb168cdb3fd9cd470dc450b24021e3574d6860c7073a095229bbdbd40]]
**Document description:**Notice ECF
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382158-1
] [5e04d72a0acf310c46ee926f067bcd178ed673755eac81e9790d2645c9c781193a4
85a785b486b8c316374cd7090692033b0ca73598b88eb1b537fe7b0218fca]]

USNHD Live CM/ECF - U.S. District Court                                  https://nhd-ecf.sso.dcn/cgi-bin/Dispatch.pl?972479422145955

## Complaints and Other Initiating Documents
1:21-cv-00614 Brady v. Howard
et al

DLrecused,JLrecused,LMrecused

### U.S. District Court

### District of New Hampshire

## Notice of Electronic Filing

The following transaction was entered on 7/22/2021 at 3:12 PM EDT and filed on 7/22/2021
**Case Name:**      Brady v. Howard et al
**Case Number:**    1:21-cv-00614
**Filer:**          Lisa M. Brady
**Document Number:** 1

**Docket Text:**
**COMPLAINT against James P. Bassett, Patrick E. Donovan, Anna Barbara Hantz Marconi, Gary E. Hicks, Mark E. Howard (Filing fee $ 402 receipt number 7.22.2021) filed by Lisa M. Brady. (Attachments: # (1) Exhibit List, # (2) Exhibits 1-14, # (3) Exhibits 15-29) (ed)**

**1:21-cv-00614 Notice has been electronically mailed to:**

**1:21-cv-00614 Notice, to the extent appropriate, must be delivered conventionally to:**

Lisa M. Brady
8 Constable Road
Durham, NH 03824

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382151-0
] [6346ead3a17eb4240b69c01ca990df1619d8885cca4707322f571b9453360130ca6
89d76fce149b670faa0d436982de739846276d0886898173538f45583e42e]]
**Document description:** Exhibit List
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382151-1
] [0a5f32a449580ade30b9b4b76b824ca6e80b43b664d1b1cbd3203c1364a70a37ada
57e99b7a0f57a944f51adf131087d8c3538a3556ea66d7d75c185cb7fe4a6]]
**Document description:** Exhibits 1-14
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382151-2

] [86abbf944b461675b0e324df7e9f998946854f8c6ccb4c03e9b35a42e3b37767195
8c5041f4948eb58e52ea07967673b398cd100e560e26c03c26f1475123e93]]
**Document description:** Exhibits 15-29
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1045603718 [Date=7/22/2021] [FileNumber=2382151-3
] [654b7eaf944bd72734a3ac95294c565608de51eee29834cc3dd9be7e93d1db89a16
199b82bf40ca99beb11f108b45bc91fc9e7567307912786a73e5e79a3bd98]]