## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

_____

Lisa M. Brady,                       )
                                     )
                 Plaintiff,          )
                                     )
v.                                   )          Case No. 1:21-cv-00614-PB
                                     )
Judge Mark E. Howard, et al.         )
                                     )
                 Defendants          )
_____ )

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiff Lisa M. Brady, pro se, is seeking injunctive and declaratory relief against the Honorable Mark E. Howard of the New Hampshire Superior Court ("Judge Howard") and the Honorable Gary E. Hicks, James P. Bassett, Barbara Hantz Marconi, and Patrick E. Donovan of the New Hampshire Supreme Court (the "Supreme Court Justices").  Plaintiff's demands relate to a civil action she initiated in New Hampshire Superior Court and to the New Hampshire Supreme Court's dismissal of her subsequent appeal.  As explained herein, the Court should dismiss this action in its entirety because: (1) the Court lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine; and (2) Plaintiff's claims are otherwise barred by judicial and sovereign immunity.

### Background

**I.    Plaintiff's Factual Allegations**

Plaintiff alleges the following facts in support of her demands for injunctive and declaratory relief.  At the beginning of 2015, Plaintiff was employed by the Somersworth School District (the "School District") as a special education teacher.  (ECF Doc. No. 1 (Compl.) ¶ 2).

The School District terminated Plaintiff's employment in January of that year.  (Id.).  Believing that the School District had terminated her unlawfully, Plaintiff proceeded to file a civil action against the School District and several of its officials in Strafford County Superior Court (the "Superior Court Action").  (Id. ¶¶ 1, 9; see id., Ex. 5 (complaint filed on or around January 2, 2018)).

In December 2019, Judge Howard granted the School District's motion for summary judgment.  (Id. ¶ 19; see id., Ex. 15 (omnibus order dated December 12, 2019; notice of decision dated December 13, 2019)).  Plaintiff filed a motion for reconsideration on December 19, 2019 that Judge Howard denied on March 10, 2020.  (Id. ¶¶ 23–24; see id., Ex. 16 (motion dated December 19, 2019); id., Ex. 17 (notice of decision dated March 10, 2020)).  On March 17, 2020, Plaintiff filed a second motion for reconsideration.  (Id. ¶¶ 26–27; see id., Ex. 18 (motion dated March 17, 2020).  Judge Howard denied this second motion on May 6, 2020.  (Id. ¶¶ 26–27; see id., Ex. 19 (notice of decision dated May 6, 2020)).

Plaintiff next proceeded by appealing Judge Howard's ruling on the School District's summary judgment motion to the New Hampshire Supreme Court.  (Id. ¶ 33).  She filed her Notice of Mandatory Appeal on May 31, 2020.  (See id., Ex. 20 (notice of appeal)).  By order of Justice Hantz Marconi on July 21, 2020, the Supreme Court dismissed Plaintiff's appeal as untimely.  (Id. ¶ 34; see id., Ex. 21 (order dated July 21, 2020)).  The Supreme Court also denied Plaintiff's subsequent motion for reconsideration.  (Id. ¶ 37; see id., Ex. 22 (motion dated July 22, 2020); id., Ex. 23 (order dated August 18, 2020)).

In December 2020, Plaintiff asked the Supreme Court to exercise its original jurisdiction over her claims of purported judicial error in the Superior Court Action.  (See id. ¶ 40; id., Ex. 25

(petition for original jurisdiction dated December 21, 2020)).  The Supreme Court denied this

request as well.  (See id. ¶ 40; id., Ex. 26 (order dated February 25, 2021)).

To no avail, Plaintiff has since filed additional motions for reconsideration and an

additional petition for original jurisdiction in the Supreme Court.  (Id. ¶¶ 41, 43; see id., Ex. 24

(motion dated August 31, 2020); Ex. 27 (petition dated February 25, 2021); Ex. 28 (order dated

May 17, 2021); Ex. 29 (motion dated May 16, 2021)).

## II.   Plaintiff's Claims for Injunctive & Declaratory Relief

Having failed to obtain the relief she demanded in these state court proceedings, Plaintiff

now turns to this Court to: (1) claim that Judge Howard and the Supreme Court Justices have

violated various rights she enjoys under the First and Fourteenth Amendments to the United

States Constitution; (2) ask the Court to declare the same; and (3) demand that the Court "[i]ssue

an injunction requiring [the Supreme Court Justices] to remand [her] civil case back to Strafford

Superior Court so that she can seek justice for her unlawful termination."  (Id. at p. 24 (prayers

for relief)).

The foundation of Plaintiff's claims for such relief is that when Judge Howard granted

the School District's summary judgment motion, the motion was moot because Plaintiff had filed

an amended complaint.  (See id. ¶¶ 1, 13–22).  According to Plaintiff, Judge Howard relied on

her original complaint instead of her then-operative amended complaint when he granted the

School District's motion for summary judgment.  (See id.).  From this alone, Plaintiff asserts that

Judge Howard engaged in "trickery and fraud to dispose of [Plaintiff's] civil case" with the

"sinister" intent of "defam[ing]" and "retaliat[ing]" against her.  (Id. ¶¶ 1, 18, 20; see id. ¶¶ 21,

28–29, 31).  She likewise asserts that the Supreme Court Justices have acted in "bad faith"

towards her by "tacitly approv[ing] and perpetuat[ing] Judge Howard's unlawful and intentional

use of legally void pleadings," thereby "show[ing] a concerted effort to deny [Plaintiff] her right to access the courts in the state of New Hampshire."  (Id. ¶¶ 31, 36, 39).

Based on no more than these charged assertions, Plaintiff claims that Judge Howard and the Supreme Court Justices have violated her First Amendment right to freely express herself and her Fourteenth Amendment rights to due process of law and equal protection.  She is seeking relief pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).

## ARGUMENT

This action should be dismissed in its entirety because: (1) the Court lacks subject matter jurisdiction over Plaintiff's claims under the Rooker-Feldman doctrine; and (2) Plaintiff's claims are otherwise barred by judicial and sovereign immunity.

### I.    The Court Lacks Subject Matter Jurisdiction Under the *Rooker-Feldman* Doctrine

"The Rooker-Feldman doctrine bars 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"  Adames v. Fagundo, 198 Fed. Appx. 20, 22 (1st Cir. 2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).  In other words, "if federal litigation is initiated *after* state proceedings have ended, and the plaintiff implicitly or explicitly seeks review and rejection of the state judgment, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and . . . the federal courts lack jurisdiction."  Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico, 410 F.3d 17, 24 (1st Cir. 2005) (internal quotation and brackets omitted; italics in original).

"A court will find that underlying state court proceedings have ended if the highest state court in which review is available has affirmed the judgment below and nothing is left to be

resolved, rendering the judgment susceptible to certiorari review under 28 U.S.C. § 1257." Ellison v. New Hampshire, Civil No. 10-cv-351-SM, 2010 WL 5139033, at *3 (D.N.H. Nov. 18, 2010) (citing Federacion, 410 F.3d at 24–25).

While Plaintiff casts her request for review of the underlying state court judgment in terms of various constitutional claims against Judge Howard and the Supreme Court Justices, it is clear that she "cannot hoist [her]self over [the Rooker-Feldman doctrine] just be re-labeling [her] case as an attempt to assert a federal constitutional right." Zenon v. Guzman, C.A. No. 3:16-cv-30129-MAP, 2018 WL 324715, at *5 (D. Mass. Jan. 8, 2018); accord Ellison, Civil No. 10-cv-351-SM, 2010 WL 5139033, at *3 (D.N.H. Nov. 18, 2010) ("A litigant may not seek to reverse a final state court judgment simply be recasting his complaint in the form of a civil rights action.") (citing Fortune v. Mulherrin, 533 F.2d 21, 22 (1st Cir. 1976), and Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009)).

Plaintiff's allegations and exhibits definitively show that the state court proceedings related to the judgment she challenges here have ended.  Indeed, Plaintiff states that she litigated the School District's summary judgment motion in the Superior Court and that the New Hampshire Supreme Court dismissed her subsequent appeal of Judge Howard's ruling on that motion.  (See ECF Doc. No. 1 ¶¶ 23–27, 33–37; id., Exs. 15–29).  Thus, by her own admission, the state court proceedings on the judgment she seeks to attack in this Court have finally concluded for Rooker-Feldman purposes.  Cf. Ellison, Civil No. 10-cv-351-SM, 2010 WL 5139033, at *3 ("Here, [Plaintiff] states that he fully litigated this matter in Superior Court and, upon losing, filed a notice of appeal which was declined.  Accordingly, the Superior Court's order denying [Plaintiff] relief is a final judgment in this matter.  The complaint leaves no doubt that the state court matter is concluded.").

For these reasons, the Rooker-Feldman doctrine applies to Plaintiff's claims against Judge Howard and the Supreme Court Justices and the Court therefore lacks subject matter jurisdiction over her claims. See Ingress v. McKenney, No. 14-cv-202-LM, 2014 WL 5465866, at *4 (D.N.H. Oct. 28, 2014) ("When the Rooker-Feldman doctrine bars a claim, a district court lacks subject-matter jurisdiction over it.") (citing Exxon Mobil, 544 U.S. at 291)). The Court must therefore dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II.   **Plaintiff's Claims are Otherwise Barred by Judicial and Sovereign Immunity**

"[A] general principle of the highest importance to the proper administration of justice" is that "judicial officer[s], in exercising the authority vested in [them], should be free to act upon [their] own convictions, without apprehension of personal consequences to [themselves]." Stump v. Sparkman, 435 U.S. 349, 355 (1978) (quoting Bradley v. Fisher, 80 U.S. 335, 347 (1871)). Indeed, it is widely recognized that "[p]ermitting judges to be questioned on their rulings . . . would lead to 'continual calumniations' and nothing short of the 'subversion of all justice." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019) (quoting Bradley).

Accordingly, judicial officers have long been granted immunity against actions for damages arising out of their judicial acts. See Cleavinger v. Saxner, 474 U.S. 193, 199 (1985) (observing that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction") (quoting Pierson v. Ray, 386 U.S. 547, 553–554 (1967)). Federal actions for injunctive relief against state judicial officers are also barred by judicial immunity, "unless a declaratory decree was violated or declaratory relief was unavailable."[1]  42 U.S.C. § 1983.

---

[1] In its 1984 decision in Pulliam v. Allen, 466 U.S. 522 (1984), a divided United States Supreme Court ruled that judicial immunity did not protect state judges from claims for injunctive relief in Section 1983 actions. Congress thereafter amended Section 1983 to state that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted

The immunity afforded judicial officers is a broad "immunity from suit" that is "not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). As such, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" Stump, 435 U.S. at 357. Instead, the immunity gives way only when the judicial officer "acted in the clear absence of all jurisdiction." Id.

Here, Plaintiff's allegations and claims against Judge Howard relate to Judge Howard's rulings on various motions filed in the Superior Court Action over which he presided. Likewise, Plaintiff's allegations and claims against the Supreme Court Justices concern the Supreme Court Justices' rulings on various matters related to Plaintiff's appeal and subsequent petition for original jurisdiction. Because all of these judicial rulings were well within the scope of the Judge Howard's and the Supreme Court Justices' normal judicial duties, judicial immunity bars Plaintiff's claims. Cf. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (ruling that judicial officer was "absolutely immune" from suit where plaintiff "failed to plead either absence of jurisdiction or that any of the judge's acts were not judicial in nature"); Decker v. Hillsborough County Attorney's Office, 845 F.2d 17, 21 (1st Cir. 1988) ("[R]egardless whether the rulings Justice Dalianis made in the course of those proceedings were right or wrong, Justice Dalianis is entitled to absolute immunity from damages liability."); Griffin v. Nadeau, Civil No. 17-cv-209-LM,

---

unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983, amended by Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996). As such, it is now clear that state judicial officers generally enjoy immunity against claims for injunctive relief under federal law. See Adames, 198 Fed. Appx. at 22 ("While Pulliam did hold that judicial immunity was not a bar to claims for injunctive or declaratory relief under section 1983, [ ] that case was superseded by statute in 1996."); Nollet v. Justices of Trial Court of Com. of Mass., 83 F. Supp. 2d 204, 210 (D. Mass. 2000) (recognizing that "in 1996 Congress passed the Federal Courts Improvement Act . . . which legislatively reversed Pulliam in several important respects.").

2017 WL 4457510, at *2 (D.N.H. Sept. 21, 2017) (ruling that judicial immunity barred suit based on judicial officer's "alleged bias . . . statements, legal conclusions, and decisions he made in the context of [his judicial role]"), R&R approved, Civil No. 17-cv-209-LM, 2017 WL 4443451 (D.N.H. Oct. 3, 2017).

Notably, Plaintiff provides no plausible basis to believe that either of the narrow exceptions to Section 1983's clear bar against injunctive relief apply here.  Specifically, Plaintiff does not allege facts from which it may be inferred that any of the judicial acts she complains of violated a standing declaratory decree.  Nor does she allege facts showing that declaratory relief from those same judicial acts was unavailable in state court by way of timely appeal.  See Davis v. Campbell, No. 3:13-CV-0693 (LEK/ATB), 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) (explaining that "generally, declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order") (citing LeDuc v. Tilley, No. 05-CV-157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005)).

To the extent judicial officers do not enjoy judicial immunity against claims for declaratory relief, Plaintiff's various demands for judicial declarations from this Court are futile nonetheless.

For one, Plaintiff merely asks the Court to declare Judge Howard's and the Supreme Court Justices' past conduct unlawful.  But proclamations about the lawfulness of past judicial acts are not properly afforded by way of a declaratory judgment, as a "declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act."  Brown v. Rhode Island, 511 Fed. Appx. 4, 6 (1st Cir. 2013); cf. Justice Network Inc. v. Craighead County, 931 F.3d 753, 764 (8th Cir. 2019) ("A complaint seeking a declaration of past liability against a judge instead of future rights

does not satisfy the definition of declaratory judgment and renders declaratory relief unavailable.") (internal quotations and ellipsis omitted); Aldrich v. Considine, Civil Action No. 13-11405-DPW, 2013 WL 4679722, at *7 (D. Mass. Aug. 29, 2013) ("[T]here is no equitable basis for the grant of declaratory relief against a judge . . . where [Plaintiff] does not seek prospective relief.  The acts of which he complains have already occurred, and he seeks a declaration that the defendants violated his constitutional rights (in the past).  Declaratory relief applies only to prospective relief, to define legal rights in connection with future conduct") (underline added; citations omitted); Lawrence v. Kuenhold, 271 Fed. Appx. 763, 766 (10th Cir. 2008) ("[Plaintiffs'] complaint is captioned as a 'Complaint for Vacation of a Void Judgment.' What they are seeking is a declaration of past liability, not future rights between them and Judge Kuenhold.  A declaratory judgment would serve no purpose here and thus, is not available.").

Second, even if the type of retrospective proclamations Plaintiff seeks against Judge Howard and the Supreme Court Justices were properly available by way of a declaratory judgment, claims for such retrospective relief are still barred by sovereign immunity under the Eleventh Amendment.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (discussing the sovereign immunity conferred by the Eleventh Amendment and explaining that "an award of retroactive relief [against state officials] necessarily 'falls afoul of the Eleventh Amendment if that basic constitutional provision is to be conceived of as having any present force'") (quoting Edelman v. Jordan, 415 U.S. 651, 665 (1974)).

For all of these reasons, judicial immunity bars Plaintiff's claims for injunctive relief and the retrospective judicial proclamations she demands are otherwise improper and barred by sovereign immunity.  The Complaint should therefore also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

9

## CONCLUSION

In summary, the Court should dismiss this action pursuant to Rule 12(b)(1) because the

Rooker-Feldman doctrine applies and the Court therefore lacks subject matter jurisdiction over

Plaintiff's claims.  Alternatively, the Court should dismiss this action pursuant to Rule 12(b)(6)

because judicial and sovereign immunity bar Plaintiff's claims and she therefore has failed to

state a claim upon which the Court may grant the relief she requests.

Respectfully submitted,

THE HONORABLE MARK E. HOWARD, THE
HONORABLE GARY E. HICKS, THE HONORABLE
JAMES P. BASSETT, THE HONORABLE
BARBARA HANTZ MARCONI, and THE
HONORABLE PATRICK E. DONOVAN

By their attorney,

JOHN M. FORMELLA
ATTORNEY GENERAL


Dated:  August 24, 2021          By: /s/ Anne M. Edwards
                                 Anne M. Edwards, Bar No. 6826
                                 Associate Attorney General
                                 New Hampshire Department of Justice
                                 33 Capitol Street
                                 Concord, NH 03301-6397
                                 (603) 271-3650
                                 anne.m.edwards@doj.nh.gov


## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2021, copies of the foregoing were electronically served upon Lisa M. Brady via the Court's electronic filing system.  (See ECF Doc. No. 3 (Plaintiff's Motion to Participate in Electronic Filing), granted by Endorsed Order of August 18, 2021 (Johnstone, M.J.)).

/s/ Anne M. Edwards
Anne M. Edwards